The State ex rel. Lewis v. Speck et al.

*L. M. Ninde* and *R. S. Taylor,* for the appellant.

———◆◆◆———

## THE STATE *ex rel.* LEWIS v. SPECK *et al.*

REMISSION OF FORFEITURE.—The Court of Common Pleas and Circuit Court have no power to remit judgments upon forfeited recognizances, except upon cause shown.

APPEAL from the *Posey* Common Pleas.

WORDEN, J.—This was an action by the State against *Speck* and *Hofman* upon a recognizance, conditioned for the appear-

ance of *Speck* before that Court, to answer to a charge of selling liquor without license.

Judgment for the State. After the rendition of the judgment, the defendant moved the Court to remit 25 dollars thereof, the recognizance and the judgment being for the sum of 50 dollars. This motion, without any cause being shown, the Court sustained, and the State excepted.

Without statutory authority, we think, the Courts have no power to remit forfeitures of this kind. The only statute that we are aware of on the subject, is the following:

"Any recognizance forfeited by the principal, is collectable upon execution, although he is afterwards arrested on the original charge, unless remitted by the Court for cause shown." 2 R. S. 1852, p. 367.

This statute only authorizes a remission for cause shown; and a bill of exceptions shows that in this case the remission was made "without any cause being shown." This, we think, was error. It will hardly do to say that the Courts may remit without cause, when the statute only authorizes such remission for cause, which cause is to be shown.

*Per Curiam.*—The order of the Court below making the remission, is reversed with costs.

*Ellis Lewis*, District Attorney, and *Asa Iglehart*, for the appellant.

*Elijah M. Spencer*, for the appellee.