### UNITED STATES v. ROBINSON et al.

(Circuit Court of Appeals, Fourth Circuit. January 2, 1908.)

#### No. 744.

BAIL—WILLFUL DEFAULT—RECOGNIZANCE.
   Rev. St. § 1020 [U. S. Comp. St. 1901, p. 719], provides that when any recognizance in a criminal case taken for, in, or returnable to any federal court, is forfeited by a breach of its conditions, the court in its discretion may remit the whole or any part of the penalty, whenever it appears that there has been no willful default of the party, etc. *Held* that, where, on breach of an appearance bond, the court found that the party had made willful default, and final judgment was rendered at the succeeding term,

the court had no power to remit any portion of the judgment against one of the sureties on his apprehending the principal and delivering him into custody at the term at which final judgment was entered, no answer having been filed to the scire facias issued and served at the previous term.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 5, Bail, §§ 328–334.]

In Error to the District Court of the United States for the Western District of North Carolina, at Asheville.

A. L. Coble, Asst. U. S. Atty., and A. E. Holton, U. S. Atty.

Before PRITCHARD, Circuit Judge, and BRAWLEY and PURNELL, District Judges.

PRITCHARD, Circuit Judge. This is a writ of error by which it is sought to review a judgment of the District Court vacating a judgment upon a scire facias made final at the May term, 1903, of the United States District Court for the Western District of North Carolina. The facts in this case are as follows:

Alonzo Robinson was held by a United States commissioner for his appearance at the November term, 1902, of the United States District Court at Asheville, to answer a charge of criminal violation of the internal revenue laws of the United States, and gave bond in the sum of $300 for his appearance, with James A. Breedlove and J. W. Robinson as sureties thereon; that at the November term, 1902, of the District Court at Asheville, the said Alonzo Robinson made willful default, was called and failed, and judgment nisi entered at said term, at which term the scire facias was duly issued and served upon the defendants; that shortly after November term, James A. Breedlove, one of the sureties on the bail bond, apprehended his principal, Alonzo Robinson, and duly delivered him to the custody of the United States marshal, and at the May term, 1903, of the District Court at Asheville, the case was disposed of in the due course of the business of the court; that the said James A. Breedlove was advised at the time and so understood that the apprehension and surrender of his principal was an exoneration of his liability upon said bail bond, and he thereupon filed no answer to the scire facias, which had been issued at the November term, 1903, and served. Upon his failure to answer at the May term, 1903, a judgment final was rendered upon the nisi judgment entered as above stated at the November term, 1902.

The first assignment of error raises the question as to whether the court below had the power to remit a recognizance where there was a willful default.

Section 1020 of the Revised Statutes of the United States [U. S. Comp. St. 1901, p. 719] provides:

"When any recognizance in a criminal cause, taken for, or in, or returnable to, any court of the United States, is forfeited by a breach of the condition thereof, such court may, in its discretion, remit the whole or a part of the penalty, whenever it appears to the court that there has been no wilful default of the party, and that a trial can, notwithstanding, be had in the cause, and that public justice does not otherwise require the same penalty to be enforced."

Among other things, the foregoing section provides that the court may, in its discretion, remit the whole or a part of the penalty, when-

ever it appears that there has "been no willful default of the party," etc. While in a case like the one at bar a surety may suffer a hardship owing to the provisions of this statute, nevertheless, its terms are plain and unmistakable. It clearly defines the circumstances under which the court may exercise its discretion and remit the whole or a part of the penalty, to wit, when there has been no willful default; and inasmuch as the court in this case found as a fact that the default was willful, it necessarily follows that it was not within the discretion of the court to vacate or modify the judgment in question.

We do not deem it necessary to consider the second assignment of error inasmuch as the determination of the first assignment necessarily disposes of the questions sought to be reviewed herein.

For the reasons hereinbefore stated, the judgment of the court below is reversed, and the case remanded to that court with instructions to proceed in accordance with the views herein expressed.

Reversed.