### UNITED STATES v. TRAYNOR.

(District Court, E. D. Tennessee, S. D. March 20, 1909.)

No. 3,130.

1. BAIL (§ 79*)—BREACH OF CONDITION OF RECOGNIZANCE—RELIEF FROM LIABILITY—FEDERAL STATUTE.

Under Rev. St. § 1020 (U. S. Comp. St. 1901, p. 719), which authorizes a federal court to remit the penalty of a forfeited recognizance "whenever it appears to the court that there has been no willful default of the party," etc., such remission may be made, although the term has expired at which final judgment was taken on the recognizance under a writ of scire facias.

[Ed. Note.—For other cases, see Bail, Dec. Dig. § 79.*]

2. BAIL (§ 79*)—FORFEITURE OF RECOGNIZANCE—RELIEF FROM LIABILITY.

The sureties on a criminal recognizance *held* entitled to a remission of a part of the penalty for which judgment was taken against them on its breach where the defendant was afterward rearrested, convicted, and served his sentence.

[Ed. Note.—For other cases, see Bail, Cent. Dig. §§ 350–369; Dec. Dig. § 79.*]

On Application of Sureties for Remission of Judgment on Recognizance.

Jas. R. Penland, U. S. Atty.

Bright & Early, for Traynor.

SANFORD, District Judge. 1. I am of the opinion that under Rev. St. § 1020, re-enacting Act Feb. 28, 1839, c. 36, § 6, 5 Stat. 322 (U. S. Comp. St. 1901, p. 719), the court has authority in its discretion to remit the whole or any part of the penalty of a recognizance in a criminal case forfeited by breach of condition, even although the term has expired at which a final judgment was taken on the forfeited recognizance under a writ of scire facias. While it is true that, gen-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

erally speaking, all final judgments of a court pass beyond its control, unless steps be taken to set aside, modify, or correct them during the term at which they were entered, except in certain cases where correction of a judgment may be made at a subsequent term under a writ of error coram vobis (Brooks v. Railroad Co., 102 U. S. 107, 26 L. Ed. 91; Bronson v. Schulten, 104 U. S. 410, 26 L. Ed. 797), I think that an exception is made in the case of a forfeited recognizance by the broad and unqualified provision in Rev. St. § 1020, that the penalty may be remitted "whenever it appears to the court that there has been no willful default of the party, and that a trial can, notwithstanding, be had in the cause, and that public justice does not otherwise require the same penalty to be enforced." There is nothing in this statute indicating any intention to limit the power of the court in this matter to the term at which a judgment is rendered, and, in view of the use of the broad and unrestricted term "whenever," I think the statute must be construed as vesting discretion in the court so long as the enforcement of the penalty remains otherwise within the control of the court, and therefore that so long at least as the money collected under the execution remains in the registry of the court and has not been covered into the United States Treasury the court is authorized to remit the penalty in whole or in part.

While it is true that it was said by Attorney General Cushing in 1854, in 6 Opin. Atty. Gen. 408, that, after the proceedings under a forfeited recognizance had "reached the final point of return of execution to judgment in scire facias," they had passed beyond the point at which the court could remit, this was merely said argüendo in determining the question as to whether in the case before him upon which he was expressing an opinion the President had the right of pardon, and, while the act of 1839 (5 Stat. 321, c. 36) is cited in his opinion, no reference is made whatever by him to its broad and unrestricted provisions nor is any reason given for the opinion expressed by him. On the other hand, it was subsequently held by the District Court for the Western District of Pennsylvania in 1863, in United States v. Duncan, 2 Pittsb. Rep. 328, Fed. Cas. No. 15,004, in a case where, as appears from the facts, a final judgment had been rendered against the bondsmen under a scire facias two years before the application made by the bondsmen for a remission of the judgment, that the court might extend such relief after judgment, even although it had become a debt of record against the defendant in favor of the United States, under the provisions of the act of February 28, 1839 (5 Stat. 321, c. 36), which was held to be simply in affirmance of the common-law power of the court. This appears to be the only case directly in point upon this question, although in the later case of United States v. Barger (C. C.) 20 Fed. 500, decided by the same District Court in 1884, it was held that a forfeiture might be set aside during the term at which it was entered, being then still under the control of the court, thereby implying that it could not be set aside after such term. Yet as this was not expressly held and no reference was made to the Duncan Case, the latter case cannot be said to have been overruled by a mere implication which, even if expressly stated, would, at most, have been a dictum.

I am further advised that in at least two unreported cases in this court the same conclusion was reached by Judge Clark, it being held by him, as I am informed, in the case of United States v. Wilson, and in another case from Fentress county, that the court had authority to remit a judgment of this character even at a subsequent term to that at which it had been rendered.

2. Upon the merits of this application, I am of the opinion that while the bondsmen were negligent in failing to give heed to the scire facias which had been served upon them and in failing to appear in court at the May term, 1907, to show cause why the conditional judgment that had been taken in December, 1906, under the recognizance, should not be made final, nevertheless, as it does appear that the defendant was arrested under an alias capias after the forfeiture had been declared on the bond and subsequently appeared, and, under sentence of the court, served out his term of imprisonment, the case is one in which the court should in its discretion remit part of the penalty of the bond. As was said by Chief Justice Marshall in United States v. Feely, 1 Brock. (U. S.) 255, Fed. Cas. No. 15,082, it is not the object of a recognizance "to enrich the treasury."

An order will therefore be entered remitting all that portion of the original judgment under the scire facias except such sum as is necessary to satisfy and discharge all costs accrued upon the scire facias, including the costs incident to this application, and also all costs which accrued in the criminal prosecution of the defendant Traynor, and directing that the remainder of the sum collected from the bondsmen under the execution, and now in the registry of the court, after paying such costs, be refunded to the bondsmen or to their attorneys of record.