# UNITED STATES *v.* WALTER.

CRIMINAL LAW; FORFEITURE OF RECOGNIZANCE; SURETYSHIP.

The supreme court of the District of Columbia under sec. 1020 Rev. Stat., Comp. Stat. 1913, sec. 1684, has no discretionary power on motion of the surety on a recognizance in a criminal case, to remit the penalty of a forfeited recognizance, on a showing by the surety that he had surrendered the accused into the custody of the United States marshal, where it appears that there was wilful default of the accused; (following *United States* v. *Von Jenny*, 39 App. D. C. 377) and this is especially true where it also appears that the default was the result of an understanding between the accused and his codefendants, one of whom would be the beneficiary if the penalty was remitted, for the reason that he had indemnified the surety against loss by reason of his having become surety on the recognizance.

No. 2770. Submitted April 5, 1915. Decided April 19, 1915.

HEARING on an appeal by the United States from an order of the Supreme Court of the District of Columbia, holding a criminal term, vacating a forfeited recognizance.

*Reversed.*

The COURT in the opinion stated the facts as follows:

Appeal by the United States from an order vacating a forfeiture on a bail bond.

On the 21st of February, 1911, the appellee Herman W. Van Senden became surety in the sum of $2,000 upon the recognizance of the appellee John H. Walter that he answer a charge of bribery of a witness in violation of sec. 861 of the Code. On April 21st, following, Walter, Thomas H. Pickford, and William J. Dugan, codefendants, were indicted by the grand jury. On the same day they were arraigned and entered pleas of not guilty. Various dilatory motions were then made

and finally the trial of the case was set for June 9, 1914. On June 5, the attorney for Walter withdrew as his counsel, by the court's permission. On the day of the commencement of the trial each of the defendants appeared in court. On the following day the session was resumed and, the defendant Walter failing to appear and his surety failing to produce him after having been called upon to do so, the recognizance was forfeited. A bench warrant for the arrest of Walter and a scire facias to him and his surety were ordered to be issued. The trial of Walter's codefendants proceeded notwithstanding his flight, and Pickford testified, in effect, that Walter was the guilty party. A verdict of not guilty was returned as to both Pickford and Dugan. Thereafter, on September 18, 1914, at the same term of court in which the forfeiture had been entered, Van Senden produced Walter in court and filed a motion to strike out the forfeiture. In his affidavit supporting his motion he set forth, in substance, that he was not responsible for Walter's flight, and that he immediately proceeded "to make search for him throughout the entire District and in the adjoining counties of Maryland;" that upon learning of Walter's whereabouts he took proper steps to surrender him into the custody of the marshal. The United States filed a counter affidavit setting forth the portions of Pickford's testimony in which he sought to exculpate himself by incriminating Walter, and also an admission of Pickford while under cross-examination that he had indemnified Van Senden against loss by reason of his having become surety on Walter's bond. The court struck out the forfeiture and this appeal was taken.

*Mr. John E. Laskey,* United States District Attorney, and *Mr. James A. Cobb,* Assistant, for the appellant.

*Charles Poe* for the appellee.

Mr. Justice ROBB delivered the opinion of the Court:

It was ruled in *United States* v. *Von Jenny,* 39 App. D. C.

377, that the foundation for the remission of a forfeiture of a recognizance in sec. 1020 of the Revised Statutes, Comp. Stat. 1913, sec. 1684, which reads as follows: "When any recognizance in a criminal cause, taken for, or in, or returnable to, any court of the United States, is forfeited by a breach of the condition thereof, such court may, in its discretion, remit the whole or a part of the penalty, whenever it appears to the court that there has been no wilful default of the party, and that a trial can, notwithstanding, be had in the cause, and that public justice does not otherwise require the same penalty to be enforced." It was further ruled that while this statute might be said to be declaratory of the common law, its purpose was "also to fix certain limitations upon the exercise of the discretion committed;" that the wilful default mentioned in the first limitation must necessarily be that of the principal cognizor, and that where his default is wilful, there is no room for the exercise of discretion under the statute. In the present case, not only was the default of the principal cognizor wilful, but the affidavit of the assistant district attorney leaves little room for doubt that the default was the result of an understanding between him and his codefendants, one of whom would be the real beneficiary of this forfeiture. There was, therefore, not only no room for the exercise of discretion on the part of the court below, but public justice required the penalty to be enforced.

The order will be reversed and the cause remanded for further proceedings.                                  *Reversed.*