## GRIFFIN et al. v. UNITED STATES.

(District Court, N. D. Georgia. January 29, 1921.)

1. **Bail ⚖➝79(1)—Remission of penalty authorized after judgment on rule absolute; "whenever."**

Under Rev. St. § 1020 (Comp. St. § 1684), providing that, when any recognizance in a criminal cause is forfeited, the court may in its discretion remit the whole or part of the penalty whenever it appears that there has been no willful default, etc., the penalty may be remitted after judgment on rule absolute, especially as the natural meaning of "whenever" is "at whatever time."

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Whenever.]

2. **Bail ⚖➝77(2)—Judgment on rule absolute for forfeiture only concludes absolute defenses.**

A judgment on a rule absolute forfeiting a recognizance in a criminal case involves only absolute defenses, such as impossibility of performance, and only such defenses are concluded by the judgment.

3. **Bail ⚖➝79(1)—Only penalty, and not costs, may be remitted after forfeiture.**

Under Rev. St. § 1020 (Comp. St. § 1684), relative to the remission of the penalty incurred by forfeiture of a criminal recognizance, the penalty alone may be remitted, and the judgment must always stand as to the costs.

4. **Bail ⚖➝79(1)—Penalty may be remitted as to surety, though default by principal was willful.**

Under Rev. St. § 1020 (Comp. St. § 1684), authorizing the remission of the penalty on forfeiture of a criminal recognizance when there has been no willful default of the party, the penalty may be remitted as to the sureties, who are free from willful fault, though the principal's default was willful.

⚖➝For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

**5. Bail ⊙⇒79 (1)—Statute as to remission of penalties should be liberally construed.**

Rev. St. § 1020 (Comp. St. § 1684), authorizing the remission of penalties incurred by forfeiture of criminal recognizances, is highly remedial, and ought to be liberally construed.

**6. Bail ⊙⇒79 (1)—Penalty remitted in part as to sureties, who recaptured principal, who gave new bond, which was also forfeited.**

Where the sureties on a criminal recognizance, after their principal's default, recaptured him and delivered him to the deputy marshal, but he was again admitted to bail with another surety, and the new bond was also forfeited, and the sureties had not been diligent in applying for a remission of the penalty incurred by the forfeiture of the first recognizance, the penalty *held* to be remitted, except to the extent of $100, on the payment of that amount, with costs.

Application by M. Griffin and another for remission of the penalty incurred by forfeiture of a criminal recognizance. Penalty remitted in part.

B. P. Gaillard, Jr., of Gainesville, Ga., for petitioners.
John W. Henley, Asst. U. S. Atty., of Atlanta, Ga.

SIBLEY, District Judge. This is a motion by sureties to remit in whole or in part the penalty incurred by forfeiture of a criminal recognizance adjudged by rule absolute at a prior term of the court. The facts appearing on the hearing are that the principal, S. B. Smith, made bond and forfeited it; the forfeiture being afterwards relieved. He then made the bond involved here, and forfeited that, so far as appears, willfully, but without the connivance of his sureties. They, on learning of the default, at their own expense, recaptured their principal, pending the rule nisi on the forfeiture, and delivered him to the deputy marshal, who took him before a United States commissioner, by whom he was again admitted to bail with another as surety; the movants having no part in the making of this bond. They claim not to have been served with the rule nisi, but, if they were served, affirm that they neglected to answer, because misled by the law of Georgia, which permits sureties to discharge forfeitures by surrendering their principal before rule absolute on payment of costs. The third bond of Smith was also forfeited, and he seems not to have been yet tried.

The law of Georgia is as above stated (Park's Penal Code, § 960), and rules absolute granted after a surrender of the principal thereunder upon a failure to defend are, in practice, freely set aside as having been granted by mistake. Situations such as the present frequently occur in this court, and it seems desirable to approximate the Georgia practice so far as the laws of the United States permit. The objections here made are suggestive of three questions: First, may the penalty be remitted after rule absolute? Second, may it be remitted where the default of the principal was willful? And, third, ought there to be a favorable discretion exercised in this case?

[1-3] 1. The application is under R. S. § 1020 (Comp. St. § 1684), which reads as follows:

---

⊙⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

"When any recognizance in a criminal cause, taken for, or in, or returnable to, any court of the United States, is forfeited by a breach of the condition thereof, such court may, in its discretion, remit the whole or a part of the penalty, whenever it appears to the court that there has been no willful default of the party, and that a trial can, notwithstanding, be had in the cause, and that public justice does not otherwise require the same penalty to be enforced."

The power here given is a discretion to remit in whole or in part under stated conditions a forfeiture which has really occurred. No doubt the proper time to apply for the remission is on the return of the rule nisi, if the facts exist and are known which are to be relied on, and a failure to apply promptly ought to be considered as an unfavorable circumstance, and if injury has occurred to the public interests by the delay, the application ought to be denied. But the judgment on the rule absolute necessarily involves only the well-known absolute defenses to the recognizance, such as impossibility of performance by the act of God or of the law, and these only are concluded by the judgment. U. S. v. McGlashen (C. C.) 66 Fed. 537. The provision of R. S. § 1020, is not of law, but of grace. An appeal thereunder may consist entirely with the correctness of the judgment absolute, which is not vacated or set aside, or in any wise collaterally attacked. Indeed, it must always stand as to costs; the penalty alone being capable of remission. The remission is but a release in whole or in part of an ascertained obligation to the United States, which was not imposed as a penalty or punishment by any public statute, the remission of which would appertain only to the executive, but arose in a private contract, though regulated by law, the equity of whose enforcement might well be entrusted to the judges.

No question, therefore, exists here of the power to set aside a judgment after the term, nor of conflict with the executive power of pardon. This power of remission came to us from the English law, as asserted by Chief Justice Marshall, in 1813, in United States v. Feely, Fed. Cas. No. 15,082, 1 Brock. 255, and was but redeclared by the statute of February 22, 1839, now R. S. § 1020. The time of its exercise was therein fixed by the broad expression, "whenever it appears to the court." This might mean only "in all cases in which"; but its natural meaning, and the only one given by Webster's International Dictionary, is "at whatever time." The relief may be had thereunder in the discretion of the court as well after as at the term of the rule absolute. U. S. v. Jenkins, 176 Fed. 672, 100 C. C. A. 224, 20 Ann. Cas. 1255; U. S. v. Traynor (D. C.) 173 Fed. 114.

[4, 5] 2. The original statute of 1839 made the relief conditional on there being "no willful default of the parties," meaning possibly that all the parties to the recognizance who could be in default, both the principal and his sureties, must appear to be free of willful fault. Yet under the act so written it was held in 1863 (U. S. v. Duncan, Fed. Cas. No. 15,004) that a surety who was himself free from willful fault might be relieved; the forfeiture standing as to the principal. All doubt was removed by the Revised Statutes changing the word "parties" to "party," plainly meaning that party who was applying for the remission. Had the defendant or the principal been meant, a term

definitely referring to him would have been used, instead of one that would apply as well to the surety. The statute, being highly remedial, ought to be liberally construed, and not in favor of the forfeiture.

The main object of the recognizance is not to enrich the treasury, or punish the surety, but to secure the attendance of the accused, without imposing on him the hardship, or on the public the expense, of his imprisonment. It would be a short-sighted policy that would make suretyship so hazardous that sureties could not be obtained, and a wise policy to extend a benefit to the surety who, after the willful default of the principal, exerts himself and spends his money to recapture him. Such exertion under such a stimulus is more apt to be effective than the efforts of an officer. The decision in U. S. v. Fabata (D. C.) 253 Fed. 586, is not only opposed to the earlier case of United States v. Duncan, supra, but not well supported by the authority cited (United States v. Robinson, 158 Fed. 410, 85 C. C. A. 520), which reversed the action of the lower court in vacating and setting aside the judgment of forfeiture, including the costs, and thereby relieving the principal and the surety, notwithstanding the willful default of the former, and long after the term at which the judgment was rendered. The same court, in United States v. Jenkins, supra, later made the distinction between setting aside a judgment and remitting under R. S. § 1020, and in a learned decision set forth the liberal policy of this section. It is therefore now held that the willful default of the principal does not debar the surety, who is without willful default. The remission in such case, however, should leave the judgment of full force as to the principal and be conditioned on the payment of costs by the surety.

[6] 3. In this case I think discretion may be exercised to relieve the surety in part. While the defendant has not yet been tried, his being at large is not chargeable to these sureties, who placed him in the hands of the marshal and the commissioner, to whom surrender might have been made before the forfeiture. After his release again upon bond, these sureties had no power over him and no responsibility for him. The relief would undoubtedly have been granted them, if applied for at that time. Yet they have not been diligent in making their application, and the lapse of time may often make difficulties in proof.

In the exercise of discretion, I adjudge that upon payment by the sureties of costs on the forfeiture and $100, the penalty and interest be remitted as to them; the judgment to stand as to the principal.