## UNITED STATES v. O'LEARY.

(District Court, S. D. New York. July 29, 1921.)

Bail ☞79 (1)—Remission of penalty of forfeited recognizance denied to defendant, making willful default.

Remission of the penalty of a forfeited recognizance denied as to the defendant, who made willful default by absconding, but granted as to his bail, not shown to have been an accomplice, except as to the amount of the expense imposed on the government by the default.

At Law. Action by the United States against Jeremiah A. O'Leary. On motion for remission of penalty of forfeited recognizance. Denied as to defendant, but sustained in part as to bail.

Francis G. Caffey, U. S. Atty., of New York City..
Thomas B. Felder, of New York City, for defendant.

LEARNED HAND, District Judge. It is quite true that under Rev. Stat., § 1020 (Comp. St. § 1684), this motion lies after the term has expired at which judgment was rendered on the recognizance. U. S. v. Jenkins, 176 Fed. 672, 100 C. C. A. 224 (C. C. A. 4th); U. S. v. Traynor (D. C.) 173 Fed. 114. Also that Judge Neterer was justified in ruling out the evidence now offered in exoneration when he tried the action on this recognizance. U. S. v. McGlashen, 66 Fed. 537. Again it has been held that, in spite of the words of the statute, the forfeiture will be remitted against the bail, though the default was willful. Per Mr. Justice Nelson, U. S. v. Santos, 5 Blatchf. 104, Fed. Cas. No. 16,222. Finally, if the default was not willful, it makes no difference that the defendant was found guilty. U. S. v. Smart, 237 Fed. 978, 150 C. C. A. 628 (C. C. A. 8th).

That there was a willful default in this case admits of not the slightest doubt. The defendant absconded and secreted himself successfully for three weeks, till betrayed by his accomplice. For that long he successfully defied all efforts to apprehend him. His application now, especially at the end of two years after judgment, has as little to commend it to my discretion as I can well conceive. It is denied.

As to his bail there is no evidence that she was an accomplice to his absconding; possibly she was, but I cannot say so. I will therefore hold her only as surety against his default to the amount which the United States can show it was damaged by that default. These damages will be the cost of preparing for the trial at which the defendant failed to appear, the costs of searching for the defendant and apprehending him, the costs of obtaining judgment on the recognizance, and the costs of this application, including the fees of the special master and expenses of the reference.

Motion of defendant denied in toto; motion of bail granted, to the extent that she is held liable only for the costs as above set forth. Since execution has already been returned unsatisfied against the defendant, her liability is already absolute. Referred to Samuel H. Hitchcock, Esq., to compute costs as aforesaid. If the bail does not bring on the hearing within 20 days, the motion will be denied as to her.