## UNITED STATES v. SMOLLER et al.

(District Court, D. Delaware. September 20, 1921.)

No. 2-A, June Term, 1921.

Bail ⟳79 (1)—Partial remission of penalty where no "willful default."

Rev. St. § 1020 (Comp. St. § 1684), allowing remission in whole or in part of penalty on forfeiture of recognizance, where there has been no "willful default," is remedial, and should be liberally construed, and the words "willful default" mean more than a default arising from ignorance, inexperience, inattention, thoughtlessness, or even carelessness and neg-

ligence; and indicate a default knowingly, intentionally, and deliberately made; hence, where accused's default was attributable to ignorance or inattention, or at most to negligence, and he later appeared and was sentenced, but the government was put to some expense and inconvenience by the default, that portion of the penalty exceeding $100 would be remitted.

[Ed. Note.—For other definitions, see Words and Phrases, Second Series, Willful Default.]

Scire facias on recognizance by the United States against Isadore Smoller and Anthony Corleto. Application by Anthony Corleto for remision of whole or part of the penalty of the recognizance. Application granted in part.

John F. Lynn, of Wilmington, Del., for applicant.
James H. Hughes, Jr., U. S. Atty., of Wilmington, Del.

MORRIS, District Judge. Isadore Smoller, as principal, and Anthony Corleto, as surety, entered into a recognizance conditioned for the appearance of Smoller at the September term, 1920, of this court to answer a criminal charge made against him. Smoller did not appear at that term and the recognizance was forfeited. He appeared, however, at the last term, pleaded guilty, and was sentenced. The surety thereupon made this application under section 1020, U. S. R. S. (Comp. St. § 1684), for the remission of the whole or a part of the penalty of the recognizance. That section provides:

"When any recognizance in a criminal cause, taken for, or in, or returnable to, any court of the United States, is forfeited by a breach of the condition thereof, such court may, in its discretion, remit the whole or a part of the penalty, whenever it appears to the court that there has been no willful default of the party, and that a trial can, notwithstanding, be had in the cause, and that public justice does not otherwise require the same penalty to be enforced."

Sentence having been imposed, and it being conceded "that public justice does not otherwise require the same penalty to be enforced," the basic question involved is whether the default of Smoller was "willful," within the contemplation of the statute, for, if willful, the application must be denied. U. S. v. Robinson, 158 Fed. 410, 85 C. C. A. 520. No case defining the meaning of the word "willful" as used in the statute in question has been called to my attention; but, as the statute is remedial in character (U. S. v. Jenkins, 176 Fed. 672, 100 C. C. A. 224, 20 Ann. Cas. 1255), it should receive a construction that will freely give, and not thwart, the relief intended by Congress to be afforded thereby. Viewed from that aspect, I am of the opinion that the words "willful default" mean more than a default arising from ignorance, inexperience, inattention, thoughtlessness, or even carelessness and negligence, and that they indicate a default knowingly, intentionally, and deliberately made.

As appears from the evidence adduced in support of the present application, Smoller's default was not knowingly and intentionally made, but was attributable to ignorance and inattention, or at most to negligence. Hence I am convinced that it is within the power and discretion of the court to remit the whole or a part of the penalty. The ob-

ject of the recognizance being, "not to enrich the treasury, but to combine the administration of criminal justice with the convenience of a person accused * * * and not proved to be guilty" (U. S. v. Feely, 25 Fed. Cas. 1055, No. 15,082), by securing the appearance of the accused for trial otherwise than by imprisonment, the default in this case not having been willful, and the defendant having later appeared and been sentenced, it is manifest that public justice does not require the full penalty of the recognizance to be enforced, and that a remission should be made; but, as the government was put to some expense and inconvenience by reason of the default, I am of the opinion that only that portion of the penalty in excess of $100 should be remitted.