### HENRY v. UNITED STATES.

(Circuit Court of Appeals, Seventh Circuit. March 24, 1923.)

No. 3160.

1. **Bail** ⟷80—**Forfeiture not remitted, where principal willfully defaulted, notwithstanding surety pursued and apprehended him.**

Under Rev. St. § 1020 (Comp. St. § 1684), authorizing remission of forfeiture of criminal recognizance, when it appears that there has been no willful default of the party, and trial can be had, and justice does not otherwise require enforcement of penalty, the court is without authority to vacate forfeiture of a bail bond on a showing the surety has pursued and apprehended a willfully defaulting principal.

2. **Bail** ⟷80—**Refusal to relieve from forfeiture a matter of discretion.**

Refusal to relieve from forfeiture a surety, who received 10 per cent. of the amount of a bail bond for signing the same, on the surety's apprehending and producing his principal, is a matter of discretion.

In Error to the District Court of the United States for the District of Indiana.

Proceeding for the forfeiture of a bail bond against William S. Henry, who brings error from an order of the court denying his motion to set aside an order forfeiting the bond. Judgment affirmed.

Wm. E. Henderson, of Indianapolis, Ind., for plaintiff in error.

Homer Elliott, of Martinsville, Ind., for defendant in error.

Before BAKER, EVANS, and PAGE, Circuit Judges.

EVAN A. EVANS, Circuit Judge. We will refer to the parties as they appeared in the District Court.

Defendant signed a bail bond for one Monte Engle, charged with a violation of the National Prohibition Act (41 Stat. 305), and who disappeared before his case was called for trial. Thereafter the bond was forfeited and this action brought to recover judgment against defendant, the surety. Defendant thereupon diligently sought the accused, and finally located him and caused his arrest and production in court, where he was duly arraigned. After admitting all the facts set forth in the declaration:

"Defendant further says that since the filing of said bill of complaint he has, by a diligent effort and at a cost of nearly six hundred ($600.00) dollars to him, apprehended the defendant Monte Engle, a fugitive, and he is now in the custody of the United States marshal of this court, and confined in the Marion county jail, awaiting trial. He further says he was induced to become replevin bail for said defendant in good faith for one hundred ($100.00) dollars, and had not the remotest idea he would attempt to flee, as he had previously gone on his bond. As soon as he had learned that he was out of

⟷For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

the state and had fled, he employed detectives at a cost of $105.00; that he went to Detroit, Washington, and Cleveland in search for him, and he was finally located in the city of Washington, where he caused his arrest, and returned to the city; that he has been put to an expense of $575.00 in apprehending and causing his return. He now prays the court that the forfeiture of his bond may be set aside, and said cause now pending against him may be dismissed, at defendant's cost, and all further relief in the premises."

The facts thus set forth are not denied. A jury was waived, and judgment for the plaintiff resulted, to review which this writ of error is prosecuted.

The transcript does not contain any statement of the evidence taken upon the trial, and it is fairly inferable that no evidence was received. In view of the statute permitting equitable defenses to be pleaded in actions at law, and the absence of any reply to defendant's equitable defense, we assume that the facts set forth in the declaration and in the answer are true. This assumption is strengthened by the statement of counsel made on the oral argument.

Section 1020; Revised Statutes (section 1684, Compiled Statutes) reads:

"When any recognizance in a criminal cause, taken for, or in, or returnable to, any court of the United States, is forfeited by a breach of the condition thereof, such court may, in its discretion, remit the whole or a part of the penalty, whenever it appears to the court *that there has been no willful default of the party*, and that a trial can, notwithstanding, be had in the cause, and that public justice does not otherwise require the same penalty to be enforced."

We have italicized certain words because of their special significance.

[1] Conceding that a default may be opened at a later term, United States v. Traynor (D. C.) 173 Fed. 114; United States v. Jenkins, 176 Fed. 676, 100 C. C. A. 224, and further that we may review the discretion of the trial judge, defendant is still embarrassed by the willful default of his principal. If the default of "the party" is willful, the court is not permitted to exercise its discretion. United States v. Robinson, 158 Fed. 410, 85 C. C. A. 520; United States v. Smoller (D. C.) 275 Fed. 1012. We cannot give to the language of the statute any construction that would include the surety as "the party," the character of whose default is under consideration. United States v. Robinson, supra; United States v. Fabata (D. C.) 253 Fed. 587. Two cases, United States v. Duncan, Fed Cas. No. 15,004 and Griffin v. United States (D. C.) 270 Fed. 263, holding the contrary do not appeal to us. We might add there was more support for such a construction when, instead of the word "party," there appeared the word "parties."

We recognize the force of the plea made by a surety who helps apprehend the fleeing accused, but we are confronted with a question of statutory construction and not one of legislative wisdom.

Nor can we say upon the record that the trial judge abused his discretion in this case. Obviously this court is not in the same position as the trial court. We are not exercising the discretion, but merely reviewing the trial judge's action, to determine whether he abused his discretion.

[2] Defendant admits that he signed the bond for $100, charging the accused one-tenth of the amount of the bond. Whether, under these circumstances, the trial judge should refuse to relieve a surety who for gain engages in the bail bond business involves the exercise of discretion, which we are not justified in reversing because of any alleged abuse.

The judgment is affirmed.