## FIDELITY & DEPOSIT CO. OF MARYLAND v. UNITED STATES.

(Circuit Court of Appeals, Fifth Circuit.   October 18, 1923.)

No. 4076.

**Bail ⟵79(1)—No discretion to remit forfeiture, where defendant has absconded; "party."**

Under Rev. St. § 1020 (Comp. St. § 1684), authorizing the court in its discretion to remit all or any part of the penalty in a bail bond, when "there has been no willful default of the party," and a trial can, notwithstanding, be had, the "party" meant is the defendant, and not the surety, and where the defendant has absconded and has not been recaptured the court has no discretion to remit.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Party.]

In Error to the District Court of the United States for the Northern District of Georgia; Samuel H. Sibley, Judge.

Action by the United States against the Fidelity & Deposit Company of Maryland on recognizance.   From the judgment, defendant brings error.   Affirmed.

Leonard Haas and Hal Lindsay, both of Atlanta, Ga. (Underwood, Pomeroy & Haas, of Atlanta, Ga., on the brief), for plaintiff in error.

C. P. Goree and John W. Henley, Asst. U. S. Attys., both of Atlanta, Ga.

Before WALKER and BRYAN, Circuit Judges, and GRUBB, District Judge.

WALKER, Circuit Judge.   The plaintiff in error was the surety in a bond or recognizance executed November 22, 1921, with condition that the principal, James A. Sloan, alias Frank Douglas, shall personally appear before the District Court of the United States for the Northern Division of the Northern District of Georgia on the 28th day of November, 1921, and from time to time thereafter as required by order of said court, to answer a described criminal charge made against him. On January 18, 1922, a conditional default was entered on the bond for the amount thereof, and a scire facias ordered to issue.   Scire facias was accordingly issued and made returnable to the March term, 1922. At that time the court made an order which, after reciting that it appeared that the surety is making a thorough search in an effort to locate the principal throughout the United States and in foreign countries, and is expending large sums in said effort to bring him before the court, and otherwise co-operating with the officials of the United States therein, and that apprehension of the principal is expected within a reasonable time, and that the cause of justice will be thereby served, allowed the surety until the October term, 1922, to make answer to the scire facias, and deferred the hearing on the scire facias until that time.

The surety's answer, made at the October, 1922, term, and amended at the January, 1923, term, after alleging its unsuccessful efforts to secure the apprehension of the principal, the expenditure of considerable

sums in such efforts, the continuance thereof, and that all government witnesses necessary for a trial of the charge against the principal were available, alleged that there has been no willful default on the surety's part, and that a trial can be had in the case against the principal as soon as he can be apprehended, and prayed that the penalty be remitted as to the surety upon payment of the costs, except so much of said penalty as is necessary to cover expenses incurred by the United States, or that so much of the penalty be remitted as the court deems meet and proper. After hearing argument upon the answer as amended, the court held that it had no right to exercise any discretion in the case; it appearing that the principal in said recognizance is still at liberty, and that, said answer as amended setting forth no legal defense to said scire facias proceeding, said answer as amended be stricken. That ruling was excepted to, and is assigned as error.

Section 1020, R. S. U. S. (Comp. St. § 1684), reads as follows:

"When any recognizance in a criminal cause, taken for, or in, or returnable to, any court of the United States, is forfeited by a breach of the condition thereof, such court may, in its discretion, remit the whole or a part of the penalty, whenever it appears to the court that there has been no willful default of the party, and that a trial can, notwithstanding, be had in the cause, and that public justice does not otherwise require the same penalty to be enforced."

In enacting that statute in its present form the words of the original statute (Act Cong. Feb. 28, 1839, § 6, 5 Stat. 322), "no willful default of the parties" were changed to "no willful default of the party." We are of opinion that the statute now in force does not authorize the court, in its discretion, to remit the whole or a part of the penalty, if it appears that the default of "the party" is willful. Especially in view of the change in the wording of the statute when it was given its present form, we think that it cannot properly be so construed as to include the surety as "the party" whose innocence of willful default is made a condition of the authorized exercise of discretion by the court. This conclusion is well sustained by authority. Henry v. United States (C. C. A.) 288 Fed. 843; United States v. Smart, 237 Fed. 978, 150 C. C. A. 628; United States v. Robinson, 158 Fed. 410; 85 C. C. A. 520; United States v. Fabata (D. C.) 253 Fed. 586; United States v. Von Jenny, 39 App. D. C. 377.

We think decisions which hold the contrary are incorrect. Furthermore, the authorized exercise of discretion to remit the whole or part of the penalty is also subject to the condition "that a trial can, notwithstanding, be had in the cause." The surety's amended answer cannot properly be regarded as showing that that condition was met. The principal was a fugitive, and it was not made to appear that he would ever be apprehended. It follows that it was not made to appear that a trial could be had in the cause. The conclusion is that the abovementioned ruling was not erroneous.

The judgment is affirmed.