**UNITED STATES v. SLAIMEN.**

(District Court, D. Rhode Island. June 19, 1925.)

No. 1668.

**Bail ⊕79(2)—Statute as to discretion to remit penalty of recognizance construed; "party."**

In Rev. St. § 1020 (Comp. St. § 1684), providing that the court may, in its discretion, remit the whole or a part of the penalty of a forfeited recognizance, when there has been "no willful default of the party," the word "party" should be construed to refer to the person making the application for relief.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Party (in Practice).]

Proceeding by the United States against Slaimen N. Slaimen, as surety on a criminal recognizance. On motion by defendant for remission of the penalty incurred by forfeiture of the bond. Granted in part.

Harold A. Andrews, Asst. U. S. Atty., of Providence, R. I.

George J. West, of Providence, R. I., for defendant.

MORRIS, District Judge. This is a motion by a surety to remit the penalty incurred by forfeiture of a criminal recognizance adjudged by rule absolute at a prior term of the District Court in this district.

The defendant in the case, Slaimen N. Slaimen, became surety for one Trillo, on

a criminal bail bond; said Trillo having been indicted for the offense of conspiring to make and possess and pass counterfeit money, and also for the substantive offense of making counterfeit money.

The defendant Trillo with nine others was set for trial on the conspiracy charge March 18, 1925, and was present during the first three days of the trial, when he absconded and was not thereafter present during the trial. He had given bail in the sum of $7,500 on the conspiracy charge and $100 on each of the two other indictments. On March 23 his bail was called in each case and forfeited, and a scire facias issued against the bail on the same day. This was made returnable on March 26, 1925, at which time Harry C. Curtis, an attorney, entered his general appearance for Slaimen. On June 16, 1925, George J. West, an attorney entered a like appearance. On April 2, 1925, after hearing the parties, the rule was made absolute and judgment for the sum of $7,700 and costs was entered against Slaimen, and on the same day an execution was issued upon which a levy is now in progress.

Trillo having been present when the trial began, the trial proceeded against him with the other defendants, and a verdict of guilty was returned against five of the defendants, of which Trillo was one.

It is represented to the court that Slaimen made efforts to locate his principal, Trillo, after default was entered, but was unable to do so, and Trillo was not apprehended until some weeks after his trial was ended, when he was arrested on the Mexican border by government secret service men and brought back to Providence, where he pleaded guilty to the remaining indictments against him and was sentenced to a term of eight years in the Atlanta Penitentiary. I find as a fact that there was a willful default by Trillo. There is no evidence that Slaimen was in any way in collusion with him, or that he had any information that Trillo was about to abscond, and there is no evidence that there was any willful default on his part.

Rev. St. § 1020 (Comp. St. § 1684), provides that, "when any recognizance in a criminal cause, taken for, or in, or returnable to, any court of the United States, is forfeited by a breach of the condition thereof, such court may, in its discretion, remit the whole or a part of the penalty, whenever it appears to the court that there has been no willful default of the party, and

that a trial can, notwithstanding, be had in the cause, and that public justice does not otherwise require the same penalty to be enforced."

The authorities construing this statute are somewhat in conflict. In the case of Griffin v. United States (D. C.) 270 F. 263, it was held that the word "party" might apply to either the principal or surety if free from willful default, and attention is called to the change in wording of the statute which originally read "willful default of the parties." In the case of United States v. O'Leary (D. C.) 275 F. 202, it is held, if I understand the opinion correctly, that the word "party" may be construed to apply to either the principal or surety who has not made willful default. The effect of the decision is to hold that the word "party" means the party making the motion for relief.

In the more recent cases—Skolnik v. United States (C. C. A.) 4 F.(2d) 797; Fidelity & Deposit Co. of Maryland v. United States (C. C. A.) 293 F. 575; United States v. Smoller (D. C.) 275 F. 1011; United States v. Fabata (D. C.) 253 F. 586—it is held that the statute as now worded does not authorize the court in its discretion to remit the whole or any part of the penalty, if it appears that the default of the party defendant is willful. The word "party" is construed to refer to the defendant in a criminal proceeding.

The recognized object of a recognizance is not to enrich the treasury of the United States or punish the surety, but to secure the attendance of the accused without imposing on him the hardship or the public the expense of his imprisonment before conviction. It would be a short-sighted policy that would make suretyship on a bail bond so hazardous that sureties could not be obtained in proper cases.

I have heretofore consistently held, when a surety was without fault, and upon notification of the default of his principal expended his money for the apprehension of his principal, and brought him into court for trial, that he was performing the duty imposed upon him by the conditions of his bond, and that although his defendant had made willful default the surety should receive consideration and be relieved in whole or in part of the penalty on his bond.

The construction given by the later cases to section 1020 would deprive the court of any discretion to relieve a surety under such circumstances. It would also remove all

incentive on the part of the surety to expend his own money or assist the government officials in the apprehension of the defendant.

A construction of the statute which accomplishes such a result does not appeal to me as reasonable, because it defeats in part at least the very object for which bail is given.

It may be that the fallacy, if such there is, in the later cases cited, lies in the fact that the word "party" is construed to refer to the defendant in a criminal action. It seems to me that the reasoning of Judge Learned Hand in the case of United States v. O'Leary and Judge Sibley in the case of Griffin v. United States has much to be said in its favor.

I am therefore inclined to believe that the word "party" should be construed to refer to the person making the application for relief. If he is without willful default, a discretion is then left with the court to relieve him in part or in whole of the penalty on his bond, without depriving him of the incentive to exert himself to capture his principal after the principal has made willful default.

I am aware of the fact that this construction of the statute is contrary to what may be said to be the weight of recent authority, but nevertheless it appeals to me as the more reasonable construction and better suited to the fullfilment of the objects to be gained by the taking of bail.

Assuming, as I do, that I have the authority to entertain this motion at a subsequent term of court, a question not entirely free from doubt (see United States v. Jenkins, 176 F. 672, 100 C. C. A. 224, 20 Ann. Cas. 1255; United States v. Traynor [D. C.] 173 F. 114; Hunter v. United States, 195 F. 253, 115 C. C. A. 225; Exporters v. Butterworth-Judson Co., 258 U. S. 365, 42 S. Ct. 331, 66 L. Ed. 663), it becomes a question of fact from the evidence before me whether I should exercise such discretion.

There were three indictments against Trillo upon which bail was taken, with the defendant Slaimen as surety. The amount of the bail on the conspiracy indictment was $7,500, and certainly there was a willful default of the principal in that case. Before the other two indictments were set for trial, Trillo had been apprehended, and when the cases were finally reached for trial he pleaded guilty and was sentenced.

It seems to me that upon the facts I ought to exercise my discretion to remit the penalty on each of these cases, amounting to $200.

The case stands differently with reference to the $7,500. The defendant Slaimen accepted or exacted compensation for entering into the undertaking as surety. It was a business transaction with him, in which for compensation he took a chance, well knowing that, if his principal defaulted, he might be called upon to pay the amount of the bond. The government has been put to great expense in apprehending and bringing back the defendant Trillo. Under these circumstances I feel that I should not exercise my discretion to relieve him of any part of that penalty.

It follows that the execution already issued is recalled, the judgment for $7,700 is vacated, and judgment may be entered for the sum of $7,500 and costs.