## UNITED STATES v. KELLEHER et al.
### No. 267.

Circuit Court of Appeals, Second Circuit.
April 11, 1932.

Howard W. Ameli, U. S. Atty., of Brooklyn, N. Y. (Herbert H. Kellogg, Frederick J. Peper, and Leonard Greenstone, all of Brooklyn, N. Y., of counsel), for the United States.

E. Fichandler, of New York City, for appellees.

Before MANTON, L. HAND, and SWAN, Circuit Judges.

L. HAND, Circuit Judge.

One Kelleher was on February 9, 1931, arrested for violation of the National Prohibition Act (27 USCA), and on February 10th was held to answer, and filed a recognizance for his appearance in the District Court, in which the Greater City Surety & Indemnity

Company was the bail. During the April term an information was filed against him for maintaining a nuisance which came on for plea on April 27th, at which time he failed to appear. The judge declared a default upon the bond and set the cause down for estreat on May 11th. On that day, the bail having been notified, Kelleher appeared and pleaded not guilty, and the cause was set for trial on May 15th. He again failed to appear, a second default was declared, and the cause once more set down for May 25th, when, his default continuing, the recognizance was estreated. Scire facias issued on June 10th, returnable July 1st; but on June 25th, Kelleher appeared, pleaded guilty, and was fined $200. On the return day of the writ, which had been extended to July 8th, the judge entered judgment, not for the face of the recognizance, but for $20, the damages suffered by the cognizee because of the default on May 25th. The bail does not suggest that Kelleher did not willfully default, and the cognizee maintains that it could have surrendered him on May 25th and was therefore privy to his neglect. However, in the view we take this is immaterial, and we pass the somewhat doubtful question of fact so raised.

In England (King v. Tomb, 10 Mod. 278; In re Pellow, 13 Price 299), and in the state courts (State v. Saunders, 8 N. J. Law, 177; State ex rel. Lewis v. Speck, 20 Ind. 211; State v. Hamill, 6 La. Ann. 257; People v. Madden, 16 Daly, 63, 8 N. Y. S. 531; Commonwealth v. Johnson, 3 Cush. [Mass.] 454), it has been the practice to remit an estreat when the prisoner surrenders and is tried, at least if the bail have not shared the default. This has at times depended on a statute, but in one way or another it is the uniform result, so far as we can find. The same was true in federal courts before the act of 1839 (United States v. Feely [1813] Fed. Cas. 15,082), and indeed thereafter until comparatively recently (United States v. Santos [1862] Fed. Cas. 16,222; United States v. Duncan [1863] Fed. Cas. 15,004; United States v. Traynor [D. C.] 173 F. 114; Griffin v. U. S. [D. C.] 270 F. 263; United States v. O'Leary [D. C.] 275 F. 202). But the Fourth Circuit held otherwise in 1908 (United States v. Robinson [C. C. A.] 158 F. 410); and although the decisions are not even yet uniform [United States v. Slaimen [D. C.] 6 F.(2d) 464], there has been entire unanimity in cases decided by Circuit Courts of Appeal, and in the District of Columbia. Henry v. U. S., 288 F. 843, 32 A. L. R. 257 (C. C. A. 7); United States v. Walter, 43 App. D.

C. 469; Fidelity & Deposit Co. v. U. S., 293 F. 575 (C. C. A. 5); Skolnik v. U. S., 4 F. (2d) 797 (C. C. A. 7); Weber v. U. S., 32 F. (2d) 110 (C. C. A. 8); United States v. American Bonding Co., 39 F.(2d) 428 (C. C. A. 9); Fidelity & Deposit Co. v. U. S., 47 F. (2d) 222 (C. C. A. 9); United States v. Costello, 47 F.(2d) 684 (C. C. A. 6), semble. See, also, United States v. Fabata (D. C.) 253 F. 586; United States v. Smoller (D. C.) 275 F. 1011.

The result seems to us unnecessarily harsh, and not required by the language of Rev. St. § 1020 (18 USCA § 601). The situation presupposes that the trial can be had, and for this reason United States v. Costello (C. C. A.) 47 F.(2d) 684, is not strictly in point. When it can, the primary purpose of the recognizance has been fulfilled, for it is not to "enrich the Treasury," as Marshall, C. J., observed in United States v. Feely, Fed. Cas. 15,082. "Public justice" does not require a penalty to be imposed upon the bail who has produced his principal, unless the prosecution has been prejudiced by the delay; why he should be vicariously cast for a default which he does not share we cannot understand. Of course he must respond as indemnitor for any pecuniary loss thrown upon the cognizee, but on ordinary principles applicable to penalties the remainder would be remitted. The change of the word "parties" to "party," in Rev. St. § 1020, appears to us a broken reed on which to support the opposite construction, though it has been its main reliance. We read the later form distributively, in accordance with pre-existing law, and think that while the principal should not be relieved when he is the "party" seeking remission, the bail should, when he is. But we also think that we should yield to the opinion of six other circuits and the District of Columbia, there being no dissent, and that my decision in United States v. O'Leary (D. C.) 275 F. 202, must be overruled until the Supreme Court sees fit to declare otherwise, if it ever should.

Order reversed, and judgment directed for the face of the recognizance.

MANTON, Circuit Judge, concurs in separate opinion.

MANTON, Circuit Judge (concurring).

The statute in question (title 18, U. S. Code, § 601; Rev. St. 1020 [18 USCA § 601]) provides that where any recognizance in a criminal cause has been taken and there has been a forfeiture by breach of the condi-

tion thereof, the court may, in its discretion, remit the whole or any part of the penalty whenever it appears to the court that there has been no willful default of the party and that a trial notwithstanding can be had in the cause, and that public justice does not otherwise require the same penalty to be enforced.

"Willful default" of the party means willful default of principal, or the defendant, and not the surety. This has been uniformly held by the Circuit Courts of Appeals and the Court of Appeals of the District of Columbia. The reasons which are stated in such opinions sufficiently express my views. They are right in principle and in the construction of the statute. The judgment should be reversed on these authorities. United States v. Costello, 47 F.(2d) 684 (C. C. A. 6) ; United States v. Amer. Bonding Co., 39 F.(2d) 428 (C. C. A. 9) ; Weber v. United States, 32 F.(2d) 110 (C. C. A. 8) ; Skolnik v. United States, 4 F. (2d) 797 (C. C. A. 7) ; Fidelity & Deposit Co. v. United States, 293 F. 575 (C. C. A. 5) ; Henry v. United States, 288 F. 843, 32 A. L. R. 257 (C. C. A. 7) ; United States v. Robinson, 158 F. 410 (C. C. A. 4) ; United States v. Walter, 43 App. D. C. 468; United States v. Allen, 39 App. D. C. 383; United States v. Von Jenny, 39 App. D. C. 377.

I therefore concur in the result.