## UNITED STATES v. PESSIN.
### In re COHEN.
#### No. 370.

District Court, E. D. Wisconsin.
June 14, 1937.

Jacob S. Rothstein, of Milwaukee, Wis., for surety Joseph Cohen.

E. J. Koelzer, Asst. U. S. Atty., of Milwaukee, Wis.

EVANS, Acting District Judge.

From the statements of Mr. Cohen, the surety, and of the United States District Attorney the following facts may be said to be conclusively established:

Joseph Pessin, the defendant, was indicted on a criminal charge felonious in character. Joseph Cohen, a resident of Milwaukee, offered to and did sign his bail bond in the sum of $2,500. For so doing, Mr. Pessin paid Mr. Cohen $300, which the latter divided with another party, his associate. When the case was called for trial, Pessin absconded. His bail was forfeited.

Mr. Cohen now seeks to be released from the penalty of his recognizance, and if the court is not willing to relieve him entirely, to do so in part. In short, he asks to have the bail reinstated on the ground and for the reason that he brought about the defendant Pessin's subsequent surrender. The District Attorney agrees that the surety was watchful and diligent in locating Mr. Pessin and in bringing him back to Milwaukee to stand trial on the aforementioned charge. The Government has been put to the expenditure of several hundred dollars by reason of Pessin's abscondence.

The applicable Federal statute reads, 18 U.S.C.A. § 601:

"When any recognizance in a criminal cause, taken for, or in, or returnable to, any court of the United States, is forfeited by a breach of the condition thereof, such court may, in its discretion, remit the whole or a part of the penalty, whenever it appears to the court that there has been no willful default of the party, and that a trial can, notwithstanding, be had in the cause, and that public justice does not otherwise require the same penalty to be enforced."

It is not the object of recognizance to enrich the Treasury, but to expedite the administration of justice in criminal cases and to insure the presence of the accused in court when his case is called for trial. In order to prevent abuses of

discretion and to clarify and make uniform what otherwise might be a variety of practices in the different districts, Congress passed the section above quoted.

This Act, it is worthy of note, authorizes a court in its discretion to remit the whole or a part of the penalty under certain conditions. Our concern is only over the conditions. It is only when the condition specified in the statute exists that the court's discretion is brought into play.

The condition which permits of discretion is "whenever it appears to the court that there has been no willful default of the party." The only doubt which I have is over the meaning of the word "party." I have no doubt that there was no willful default on the part of the surety, Mr. Cohen. On the other hand, it is evident that he has been diligent in apprehending the defendant and bringing him before the court. For this, he should be, and is, commended.

On the other hand, if the word "party" refers to the defendant Pessin, then it is clear that his default was willful.

In the rather late case of Fidelity & Deposit Co. of Maryland v. United States, 5 Cir., 293 F. 575, the court held that the party referred to in section 601 was the accused, the defendant in the criminal case, and not the surety. To the same effect is Henry v. U. S., 288 F. 843, 32 A.L.R. 257, where the undersigned spoke for the Circuit Court of Appeals of the Seventh Circuit. Likewise, Judge Manton, in United States v. Kelleher, 2 Cir., 57 F.2d 684, 84 A.L.R. 14, reached the same conclusion. See, also, United States v. Von Jenny, 39 App.D.C. 377; United States v. Walter, 43 App.D.C. 468; United States v. Vincent, D.C., 10 F.Supp. 489; United States v. American Bonding Co. of Baltimore, 9 Cir., 39 F.2d 428; United States v. Costello, 6 Cir., 47 F.2d 684; United States v. Levine, D.C., 1 F.Supp. 104; Skolnik v. U. S., 7 Cir., 4 F.2d 797; Weber v. U. S., 8 Cir., 32 F.2d 110; Fidelity & Deposit Co. v. U. S., 9 Cir., 47 F.2d 222; United States v. Fabata, D.C., 253 F. 586; United States v. Smoller, D.C., 275 F. 1011.

In view of this long line of decisions which I have studied and do here cite only because of my willingness to lessen Mr. Cohen's penalty, if it be within my power so to do, I find no authority for exercising leniency.

No one is desirous of seeing unhappy and burdensome consequences fall on one who is innocent of wrongdoing. It should be observed, however, that a surety who signs bail bonds in criminal cases for substantial compensation is engaging in highly speculative ventures. It is compensation easily earned if the accused justifies the surety's faith in him. It is costly in the extreme if the accused takes flight and breaches his bail. Pessin's criminal record was a red light warning to Cohen to beware. Mr. Cohen's experience may well serve as a guide to others similarly situated and similarly inclined.

The application of Mr. Cohen must therefore be denied. The Clerk will enter an order denying the application of Mr. Cohen for relief.