## UNITED STATES v. AGAPITO et al.

### No. 35935.

District Court, E. D. New York.

Feb. 2, 1940.

Harold M. Kennedy, U. S. Atty., of Brooklyn, N. Y. (Morris K. Siegel, Asst. U. S. Atty., of New York City, of counsel), for plaintiff.

Charles Graff, of New York City, for defendants.

MOSCOWITZ, District Judge.

The defendants, Patsy Agapito, Bernhard Grossman and Murray Welsh, made this motion for an order vacating and setting aside the forfeiture of the bonds heretofore given to them.

They were indicted on February 6, 1934, on the first count for conspiring to set up and operate a still. The other three counts are substantive counts dealing with the illegal manufacture of liquor. The defendants having failed to appear, on February 19, 1934, their bonds were forfeited and bench warrants were issued February 21, 1934. On April 27, 1934, the defendants plead guilty to the first count of the indictment, and thereupon received sentences of sixty days.

Section 601, Title 18, United States Code, 18 U.S.C.A. § 601, (Revised Statutes, § 1020) provides: "When any recognizance in a criminal cause, taken for, or in, or returnable to, any court of the United States, is forfeited by a breach of the condition thereof, such court may, in its discretion, remit the whole or a part of the penalty, whenever it appears to the court that there has been no willful default of the party, and that a trial can, notwithstanding, be had in the cause, and that public justice does not otherwise require the same penalty to be enforced."

Under Section 601, Title 18, United States Code, the court is empowered, in its discretion, to remit the whole or a part of the penalty, whenever it appears that there has been no willful default of the party.

The burden is not upon the government to show that it was willful, but upon the defendants to show that it was not willful. Forfeitures cannot be set aside as a matter of course. It must be shown, as it was pointed out by the United States Circuit Court of Appeals, Sixth Circuit, in United States v. Costello, 47 F.2d 684, 685, that there has been "(1) no willful default of the party; (2) that a trial could, notwithstanding, be had; and (3) that justice did not require the penalty to be enforced."

Defendants have not met the requirements of the statute and satisfied the court that the default was not willful. See United States v. Mack, 295 U.S. 480, 55 S. Ct. 813, 79 L.Ed. 1559, also United States v. Levine, D.C., 1 F.Supp. 104, and cases cited therein. Motion denied.

In view of the disposition that has been made of this motion it is not necessary to consider the other points raised by the United States Attorney.

Settle order on notice.