UNITED STATES *v.* BARGER.

*(District Court, W. D. Pennsylvania. June 3, 1884.)*

CRIMINAL LAW—REMISSION OF FORFEITED RECOGNIZANCES.

During the term at which a recognizance in a criminal cause is forfeited the court will take off the forfeiture where substantial justice is thereby subserved, although the case may not be strictly within the letter of section 1020 of the Revised Statutes, relating to the remission of forfeited recognizances.

*Sur* Rule to Show Cause why forfeiture of recognizance should not be taken off.

*Wm. A. Stone*, for the United States.

*Hugh W. Weir* and *J. M. Garrison*, for defendant.

ACHESON, J. During the term when it is rendered or entered of record, a judgment or an order, however conclusive in its character, is under the control of the court pronouncing it, and may then be set aside, vacated, or modified. *Bronson* v. *Schulten*, 104 U. S. 410. Upon this principle, I think the court has the power to take off the forfeiture of the recognizance in this case, although it may not be

strictly within the letter of section 1020 of the Revised Statutes. The recognizance here was taken, not for the defendant's appearance for trial, which strictly seems to be the case contemplated by section 1020, but after trial and conviction, and was conditioned for the defendant's appearance on the first day of the present (May) term, to abide the sentence of the court. He did not appear then, but did subsequently during the term, and was sentenced. The party making application for the remission is the bail, who certainly was guilty of no " willful default," however it may have been with the defendant himself. Public justice does not require the penalty to be enforced if the defendant pay his fine and costs. The case is within the spirit and reason of the said section 1020, and substantial justice will be subserved by remitting the forfeiture upon terms.

And now, June 3, 1884, it is ordered that the forfeiture of said recognizance be taken off and the penalty remitted, upon condition that the defendant pay the fine imposed on him, and the costs of prosecution.