## UNITED STATES v. JACOBSON. *

### In re FIDELITY & CASUALTY CO. OF NEW YORK.

(District Court, E. D. Pennsylvania. March 20, 1919.)

#### No. 60.

BAIL ⟨Key⟩79(1)—FORFEITED RECOGNIZANCE—REMISSION OF PENALTY.

A court will not remit the penalty of a forfeited recognizance under Rev. St. § 1020 (Comp. St. § 1684), where it cannot find that there has been no willful default, and it further appears probable that the penalty will ultimately fall on parties who were indirectly responsible for the offense charged.

Criminal prosecution by the United States against Rose Jacobson. On petition of surety for remission of penalty of forfeited recognizance. Dismissed.

William G. Wright, for petitioner.

Robert J. Sterrett, Asst. U. S. Atty., of Philadelphia, Pa.

DICKINSON, District Judge. The conditions which surround this application and seem to us to call for a denial of the prayer of the petition also call for a statement of what they are.

The defendant was indicted for the offense of the keeping of a house of a prohibited character within one of the military districts. The conviction cannot be resisted that in doing what she did she was financed by, if not in fact acting for, others. The inference is a fair one that these unknown parties provided her bail, and as the surety is what is known as a bonding company, it is further fair inference that the surety is protected from loss, and that the payment of the bail bond will fall upon the parties to whom reference has been made. Section 1020 of the Revised Statutes (Comp. St. § 1684) empowers the court to remit the forfeiture whenever the finding may be made, among others, that there has been no willful default on the part of the defendant. This finding we are not satisfied to make, and the further fact is found that the nonappearance of the defendant obstructed and delayed the work of the court and subjected the United States to a not inconsiderable expense, the sum total of which could not very definitely be estimated.

We would, of course, make the finding that the surety had been guilty of no willful default, and if the loss fell upon it the appeal for relief would be strong. We have carefully read the petition, however, and find in it no averment of loss, and all the circumstances surrounding the case negative the thought of such loss.

In the absence of the findings upon which the exercise of the discretion of the court in remitting such forfeitures is based, we decline to remit forfeiture of this bond, and the prayer of the petition is accordingly denied.

⟨Key⟩For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

*Order affirmed 258 Fed. 444, —— C. C. A. ——.