## CONTINENTAL CASUALTY CO. ET AL. *v.* UNITED STATES.

No. 39. Argued November 18, 19, 1941.—Decided January 5, 1942.

*Mr. Joseph V. McEnery,* with whom *Mr. Thomas J. Clary* was on the brief, for the Continental Casualty Co. et al.

*Mr. Richard H. Demuth,* with whom *Assistant Solicitor General Fahy* was on the brief, for the United States.

MR. JUSTICE REED delivered the opinion of the Court.

This certificate brings to this Court from the Court of Appeals for the Third Circuit questions concerning

the power of a District Court of the United States to relieve an innocent surety from the penalty of a forfeited recognizance.

The principal in the recognizance, "Herbert R. Short, was convicted in the District Court for the District of New Jersey on June 20, 1940, upon two counts of an indictment charging conspiracy and was on that day directed to appear in the court on July 19, 1940, for sentence. On July 19, 1940, Short did not appear in the said court. The court thereupon ordered a bench warrant to issue and ordered the recognizance to be forfeited. Short was apprehended on August 29, 1940. On September 12, 1940, he was brought before the District Court and sentence was then imposed upon him."

The surety, Continental Casualty Company, and its indemnitor, Marie M. Short, the wife of the principal, the convicted defendant, filed a joint petition in the District Court within the term at which the order of forfeiture had been entered, praying for remission of the forfeiture. "The District Court found as a fact that the default of Herbert R. Short, the principal in the recognizance, was willful, and dismissed the petition for remission of the forfeiture upon the ground that it was without power under Section 1020 of the Revised Statutes, 18 U. S. C. § 601, to grant the petition in view of the willful default of the principal, and that it had no power independently of the statute to entertain the petition."

The Court of Appeals, being in doubt as to the power of the District Court, certified the following questions to this Court for instructions:

"1. Is Section 1020 of the Revised Statutes (18 U. S. C. § 601) the exclusive source of the power of the District Court of the United States at any time to remit the forfeiture of the penalty of a recognizance taken in a criminal cause?

"2. Is the word 'party' appearing in the phrase 'willful default of the party' in Section 1020 of the Revised Statutes (18 U. S. C. § 601) intended to describe

(a) the person who makes application to the court for the remission of the forfeiture of the penalty, whether that person is the principal or the surety in the recognizance, or

(b) only the principal in the recognizance?

"3. If the answer to Question 1 is 'No' does the District Court of the United States have common law power to remit the forfeiture of the penalty of a recognizance taken in a criminal cause, where the default of the principal in the recognizance was willful?

"4. If Question 3 is answered and the answer thereto is 'Yes' is the common law power to remit the forfeiture limited to exercise upon an application made within the term of court at which the order of forfeiture was entered?"

The answers depend upon the construction of § 601 of Title 18 of the United States Code, set out below.[1] This section assumed its present form in the Revised Statutes § 1020, approved June 22, 1874. R. S. Title LXXIV, § 5596, repealed all acts mentioned in the revision passed prior to December 1, 1873. The revision substituted the word "party" for the word "parties" which was in the earlier act, and by reenactment thus raised the question as to whether the willful default mentioned in both the revision and the former act may be that either of the principal or his bail, or whether it is restricted, on account of the revision, to the principal

---

[1] "When any recognizance in a criminal cause, taken for, or in, or returnable to, any court of the United States, is forfeited by a breach of the condition thereof, such court may, in its discretion, remit the whole or a part of the penalty, whenever it appears to the court that there has been no willful default of the party, and that a trial can, notwithstanding, be had in the cause, and that public justice does not otherwise require the same penalty to be enforced."

only. The provision for remission of forfeitures was first enacted in 1839 as § 6 of an "Act in amendment of the acts respecting the Judicial System of the United States."[2] The act included various procedural provisions designed to fix practice in the federal courts. The change to the singular in the Revised Statutes was made without any explanation of its purpose and indeed without the brackets or italics used to indicate a repeal or amendment. See Preface, R. S. (2d ed., 1878), p. v. The revised form, however, is to be accepted as correct, notwithstanding a possible discrepancy. R. S. § 5596; *United States* v. *Bowen,* 100 U. S. 508, 513; *Bate Refrigerating Co.* v. *Sulzberger,* 157 U. S. 1, 45. Cf. U. S. C., (1940 ed.) p. LVII, § 2 (a).

It appears to us that there can be but one person who can willfully default within the meaning of the section. This is the principal in the recognizance. By its terms he agrees to "appear for judgment." When, without excuse, he fails to appear, there is a willful default. The surety only guarantees that the principal will not default. In a certain sense the surety may default by failure to pay its obligation, but this is plainly not the kind of default to which the statute refers. Nor will the possibility of collusion of the surety with the absconding principal permit an interpretation that misconduct on the part of the applicant for relief from forfeiture is the "default" meant by the statute. The condition of the bond is the appearance of the principal at the time set. Nothing less satisfies the condition.

The appellants urge against this conclusion that, since the object of "a recognizance is not to enrich the treasury" but to promote convenience of criminal administration, *United States* v. *Feely,* Fed. Cas. No. 15,082, and to remedy hardships caused by defaults, the word "party" should be liberally construed to cover not only principals but sure-

---

[2] 5 Stat. 322.

ties, without willful default, even though the principal may have deliberately violated the terms of the recognizance. They further point out that justice suffers no affront, since surrender of the fugitive in time for trial is another and an essential condition of the remission of the penalty.

But the considerations of policy are too confused to afford a clear test of Congressional purpose. Paid sureties are often, as here, indemnified. Remission of penalty would inure to the benefit of defendants, who had violated their undertakings of appearance with consequent disorganization of criminal administration. A bail charged with custody of a defendant, *Taylor* v. *Taintor*, 16 Wall. 366, 371, may exercise to the substantial benefit of criminal administration a high degree of care to prevent default, if he knows the later fortuitous apprehension of the principal will not relieve him of the forfeit. It is not for courts to say whether strict forfeiture on willful default or a generous attitude toward innocent bail will be most conducive to the public welfare. Hence, not for reasons of policy, but because of the language of the statute, we conclude that Congress has chosen the former.

After the change to "party," with exceptions in the District Courts,[3] all the Circuits except the First[4] and Tenth have reached our conclusion, to wit, that the statute requires as a condition to the remission of the penalty a determination that the principal in the recognizance is free of willful default.[5] No Circuit has decided to the contrary.

---

[3] *United States* v. *Traynor*, 173 F. 114, 116; *United States* v. *O'Leary*, 275 F. 202; *United States* v. *Slaimen*, 6 F. 2d 464; *United States* v. *Barger*, 20 F. 500; *Griffin* v. *United States*, 270 F. 263; cf. *United States* v. *Jacobson*, 257 F. 760.

[4] Compare *United States* v. *Slaimen*, 6 F. 2d 464 (D. R. I.), with *United States* v. *Vincent*, 10 F. Supp. 489 (D. Mass.), and *dicta* in *United States* v. *Vendetti*, 33 F. Supp. 34.

[5] *United States* v. *Kelleher*, 57 F. 2d 684 (C. C. A. 2d); *Sun Indemnity Co. of New York* v. *United States*, 91 F. 2d 120 (C. C. A. 3d);

Since there is no doubt as to the willful default of the principal, under the interpretation of the statute just reached, relief, if any there is for the bail, must be in other sources of judicial power as suggested in Questions 1 and 3 of the certificate. That is to say, that in addition to the statutory power the courts have a common law power to remit forfeitures in their discretion. *United States* v. *Feely,* 1 Brock. 255, Fed. Cas. No. 15082 (1813 C. C.), is relied upon as authority. In that case, decided before the statute, Chief Justice Marshall exercised the power and stayed proceedings. Appellant urges that forfeiture is a judgment within the power of courts to modify on application made, as here, during the term, and that this power is not affected by the statute, which was intended to extend the power to remission after the term in which forfeiture was entered.

No authority, historical or judicial, is cited by appellant to support its view that the purpose of the Act of February 28, 1839, was to confer power upon the courts of the United States to act after the term in which the forfeiture was entered, in contradistinction to power already existing to relieve from forfeitures during the term. We see

---

*United States* v. *Robinson,* 158 F. 410 (C. C. A. 4th); *United States* v. *Nordenholz,* 95 F. 2d 756 (C. C. A. 4th); *Isgrig* v. *United States,* 109 F. 2d 131, 134 (C. C. A. 4th); *Fidelity & Deposit Co.* v. *United States,* 293 F. 575 (C. C. A. 5th); *United States* v. *Reed,* 117 F. 2d 808 (C. C. A. 5th); *United States* v. *Costello,* 47 F. 2d 684 (C. C. A. 6th); *Henry* v. *United States,* 288 F. 843 (C. C. A. 7th); *Skolnik* v. *United States,* 4 F. 2d 797, 799 (C. C. A. 7th); *United States* v. *Capua,* 94 F. 2d 292 (C. C. A. 7th); cf. *United States* v. *Libichian,* 113 F. 2d 368, 371, 372 (C. C. A. 7th); *Weber* v. *United States,* 32 F. 2d 110 (C. C. A. 8th); *La Grotta* v. *United States,* 77 F. 2d 673, 675 (C. C. A. 8th); *United States* v. *Rosenfeld,* 109 F. 2d 908 (C. C. A. 8th); *United States* v. *American Bonding Co.,* 39 F. 2d 428 (C. C. A. 9th); *Fidelity & Deposit Co. of Maryland* v. *United States,* 47 F. 2d 222 (C. C. A. 9th); *United States* v. *Von Jenny,* 39 App. D. C. 377, 381; *United States* v. *Allen,* 39 App. D. C. 383; *United States* v. *Walter,* 43 App. D. C. 468.

nothing in the act itself to persuade us that the generality of the words "whenever it appears to the court" means after the term in which the forfeiture was entered. Such a desire on the part of Congress to extend the power of the courts would be manifested by the language of extension rather than differentiation. If the reason was as appellant contends, why qualify the discretion after the term by the conditions of the statute and leave the discretion during the term unqualified?

Whatever may have been the powers of the courts of the United States before the statute, those powers are now regulated by statute. Cf. *United States* v. *Mack,* 295 U. S. 480, 488. These statutory powers are exclusive. Before remission may be allowed there must be a determination of lack of willfulness in the default, that a trial can be had, and that public justice does not otherwise require the enforcement of the penalty. The statement of the conditions negatives action without the satisfaction of those requirements. Generally speaking, a "legislative affirmative description" implies denial of the non-described powers. *Durousseau* v. *United States,* 6 Cranch 307, 314. The circumstances of this inquiry carry us beyond the rule of *expressio unius est exclusio alterius,* cf. *Ford* v. *United States,* 273 U. S. 593, 611, and into the domain of inconsistency of purpose. Cf. *Texas & Pacific Ry. Co.* v. *Abilene Cotton Oil Co.,* 204 U. S. 426, 436 *et seq.* There cannot logically be two series of tests to determine the power of a federal court to relieve of forfeiture under a recognizance. The conditions for action make action without meeting the conditions, we think, contrary to Congressional purpose, as expressed in the statute. Since the passage of the original statute on remission of forfeitures, the courts of the United States have, in general, held the same view that the statutory power was exclusive.[6]

---

[6] *United States* v. *Mack,* 295 U. S. 480, 488; *United States* v. *Walter,* 43 App. D. C. 468; *Sun Indemnity Co. of New York* v.

Our answer to Question 1 is "Yes." Our answer to Question 2 (a) is "No". Our answer to Question 2 (b) is "Yes." It is not necessary to answer Questions 3 and 4.

*It is so ordered.*

MR. JUSTICE ROBERTS took no part in the decision of this case.

*United States,* 91 F. 2d 120; *United States* v. *Robinson,* 158 F. 410, 412; *United States* v. *Nordenholz,* 95 F. 2d 756; *United States* v. *Reed,* 117 F. 2d 808; *United States* v. *Costello,* 47 F. 2d 684; *Henry* v. *United States,* 288 F. 843; *United States* v. *Libichian,* 113 F. 2d 368; *United States* v. *Rosenfeld,* 109 F. 2d 908.