## UNITED STATES v. McNEIL.
### No. 3825.

District Court, E. D. Washington, S. D.

June 16, 1943.

Edward M. Connelly, U. S. Atty., and Howard T. Tustin, Asst. U. S. Atty., both of Spokane, Wash., for plaintiff.

E. A. Ferris, of Yakima, Wash., for Bowlby et al.

SCHWELLENBACH, District Judge.

Rebecca Bowlby, Gordon Bowlby and Martha Bowlby, compensated sureties on defendant's recognizance bond which has heretofore been forfeited, petition for the remission of the whole or at least a part of the penalty forfeited. Petitioners assert that defendant's default resulted from ignorance and was not willful and that they were instrumental in defendant's later apprehension which resulted in his conviction and sentence. By stipulation, this matter has been presented to the court on affidavits. In support of their petition, petitioners have filed the affidavit of the defendant in which he states that his default was due exclusively to his ignorance as to the date of trial and expresses his regret for his failure to appear on the date of trial. Petitioners also have filed an affidavit of a friend of defendant's who asserts that defendant is of a mentality of a boy ten or eleven years of age and asserts that, in his opinion, defendant's default was due to lack of education, deficiency and utter irresponsibility. Petitioners also filed the affidavit of Hobert B. Bowlby, who acted as the agent for the other petitioners in the securing of bail bond business, that he handled the matter of executing and posting the bond for the defendant. He asserts "that through his dealings with said William McNeil he came to approximately the  *  *  *  conclusion *  *  *  that McNeil has the mentality of about an eleven or twelve year old boy and is utterly irresponsible. However, affiant did not realize this until McNeil went to work at the Todd Shipyards and failed to notify affiant of defendant's Seattle address there subsequent to defendant's failure to appear for arraignment." Plaintiff controverts these affidavits by the affidavit of the arresting officer who asserts that he visited the defendant in jail several times and did not see anything to indicate that defendant was not a normal human being and that "I believe in my own mind that McNeil was fully capable of understanding that he was supposed to appear for his trial on a certain date and that the only reason that he failed to show up at the time of the trial was not because his mentality was such that he did not understand his obligation but that he did not intend to come back for his trial."

The statute, Title 18 U.S.C.A. § 601, provides: "When any recognizance in a criminal cause, taken for, or in, or returnable to, any court of the United States, is forfeited by a breach of the condition thereof, such court may, in its discretion, remit the whole or a part of the penalty, whenever it appears to the court that there has been no willful default of the party, and that a trial can, notwithstanding, be had in the cause, and that public justice does not otherwise require the same penalty to be enforced."

The word "party" appearing in the phrase "willful default of the party" is intended to describe only the principal in the recognizance. Continental Casualty Co. v. United States, 314 U.S. 527, 62 S.Ct. 393, 395, 86 L.Ed. 426. By the terms of the bond, he agrees to "'appear for judgment.' When without excuse he fails to appear, there is a willful default. * * * The condition of the bond is the appearance of the principal at the time set. Nothing less satisfies the condition." Con-

tinental Casualty Co. v. United States, supra. The burden of proving that default was not willful rests upon the sureties. United States v. Nordenholz, 4 Cir., 95 F. 2d 756.

The question posed is whether the petitioners have sustained this burden? I am satisfied that they have not. This defendant knew when he was released upon bond that it was his duty to keep in contact with his bondsmen in order that he might appear at the time his case was called. The petition of the bondsmen alleges that this defendant served in the United States Army during the last war for a period of fourteen months. The discipline secured through such a term of service would not be conducive to the ignorant inattention to the duty to respond as asserted in the petition. In addition to that, I find it difficult to accept the affidavit of Hobert Bowlby in which he asserts that he believed that defendant had the mentality of an eleven or twelve year old boy and was utterly irresponsible but that he didn't realize it until after the defendant defaulted on his bond. The mentality of an eleven or twelve year old boy in a mature man is not such a characteristic as to be overlooked by a bail bond solicitor and first occur to him when he discovers the default of his principal. On the other hand, if defendant's mentality is as described, the petitioners are in no position to ask return of their money after having permitted him to leave the jurisdiction of the court without even attempting to ascertain his intended whereabouts.

I appreciate that many times there are cases in which innocent sureties may assist the Government in the apprehension of defaulting principals and in which the ends of justice cannot be satisfied by a mere forfeiture. Knowing this, I would be inclined, under those circumstances, to strain a bit despite the strictness of the rule in Continental Casualty Co. v. United States, supra. However, compensated sureties, whose fees are not inconsiderable, should realize that the purpose of the recognizance is to assure the presence of the defendant in court at the time a case is set for trial. A little more care in the selection of principals and a little less avidity for the securing of bail bond premiums would obviate most of the difficulties presented in cases of which this is typical.

The petition is denied.