### VEGA v. UNITED STATES et al.

United States District Court
S. D. New York.
April 21, 1949.

Golenboch & Komoroff, New York City, by Jerome Golenboch, New York City, for libellant.

John F. X. McGohey and Haight, Griffin, Deming & Gardner, New York City, by James M. Estabrook, and John J. Foley, New York City, for United States and another.

John P. Smith, New York City, by Albert S. Commette, New York City, for Zalud Marine Corporation.

BONDY, District Judge.

On January 9, 1944, the steamship Alcoa Polaris, managed by respondent Alcoa Steamship Company under a General Agency Agreement for respondent United States of America, the bare boat charterer, was moored alongside Pier 16, East River, New York, undergoing conversion from cargo ship to troop carrier. Respondent-Impleaded, Zalud Marine Company, the general contractor in charge of the conversion, employed libellant as a painter. A gangway and a platform on the pier, not a part of the ship's equipment, were built and maintained by Zalud Marine Company to facilitate the ingress and egress of the employees engaged in the conversion. At the top of the gangway there was a platform from which steps led down to a lower platform. All of these were solidly welded to the vessel. To the lower platform there were hinged steps leading to a platform eight to twelve inches above the level of the pier to which it was nailed and bolted. The lower series of steps rested on this platform by means of steel rollers. As the vessel rose and fell with the tide, the lower steps would roll back and forth on the platform.

There was testimony that spray from the ship's discharge of waste water had frozen on this platform and that the libellant slipped and fell on the ice as he was leaving the ship, sustaining the injuries for which he seeks compensation in this action.

At trial the libel as to Alcoa Steamship Company was dismissed on consent.

The court is of the opinion that the libel against the United States must also be dismissed for lack of jurisdiction over the subject matter of the action. Until the enactment of Public Law 695, Chapter 526, 62 Stat. 496, 46 U.S.C.A. § 740, on June 19, 1948, a tort was within the admiralty jurisdiction of the United States Courts only if the injury was done on navigable waters,

or on some part of a vessel floating on navigable waters but not if it was done on land even by a vessel on navigable waters. See The Admiral Peoples, 295 U.S. 649, 55 S.Ct. 885, 79 L.Ed. 1633. The platform on which libellant slipped and fell was not a part of the Alcoa Polaris, nor attached to it. It was nailed and bolted to the pier. In contemplation of the law it is "to be deemed an extension of the land." Smith & Son v. Taylor, 276 U.S. 179, 182, 48 S.Ct. 228, 229, 72 L.Ed. 520. The libel must accordingly be dismissed as not within the admiralty jurisdiction of the United States, unless jurisdiction has been conferred by the provisions of Public Law 695, 46 U.S. C.A. § 740. It provides: "The admiralty and maritime jurisdiction of the United States shall extend to and include all cases of damage or injury, to person or property, caused by a vessel on navigable water, notwithstanding that such damage or injury be done or consummated on land.

"In any such case suit may be brought in rem or in personam according to the principles of law and the rules of practice obtaining in cases where the injury or damage has been done and consummated on navigable water: Provided, That as to any suit against the United States for damage or injury done or consummated on land by a vessel on navigable waters, the Public Vessels Act or Suits in Admiralty Act, as appropriate, shall constitute the exclusive remedy for all causes of action arising after June 19, 1948 and for all causes of action where suit has not been hitherto filed under the Federal Tort Claims Act: Provided further, That no suit shall be filed against the United States until there shall have expired a period of six months after the claim has been presented in writing to the Federal agency owning or operating the vessel causing the injury or damage."

■■ The provision of the statute governing suits against the United States, apparently was not intended to have retroactive effect, with one exception not applicable to the facts in this suit. See Turner Terminals, Inc., v. United States of America, 1949 A.M.C. 150. The section provides for retroactive application in suits which could have been brought, but have "not been hitherto filed under the Federal Tort Claims Act." The facts of this case do not bring it within the exception. The injuries complained of were sustained January 9, 1944, and the Federal Tort Claims Act, 28 U.S.C.A. §§ 1346, 2671 et seq., only authorized suit for injuries sustained on and after January 1, 1945. 28 U.S.C.A. § 931 [now § 1346]. Under the well established rule of statutory construction, it appears that Congress by making express provision for retroactive operation of the statute in but one class of cases intended the statute to operate only prospectively in all other cases. Continental Casualty Co. v. United States, 314 U.S. 527, 533, 62 S.Ct. 393, 86 L.Ed. 426. The six months notice provision, which the government has waived in this case, is further evidence of the Congressional intent that the statute should have prospective operation only. The legislative history of the statute sustains this conclusion. See Letter of July 8, 1947, from the Acting Secretary of the Navy and Letter of July 7, 1947, from the Chairman of the United States Maritime Commission to the Chairman of the House Judiciary Committee, both included in Senate Report No. 1593, June 11, 1948, and House Report No. 1523, March 8, 1948, 2 U.S.Code Congressional Service 1948, 1898–1903.

Before the passage of 46 U.S.C.A. § 740 in cases of collision between a vessel and a land structure, the owner of the land structure could only proceed at law while the owner of the vessel had the right to a suit in admiralty. The Congressional reports, supra, show beyond a doubt that it was to correct this inequity that the statute was enacted. The only effect it was to have on suit against the United States was to substitute actions under the Suits in Admiralty Act, 46 U.S.C.A. § 741 et seq., or Public Vessels Act, 46 U.S.C.A. § 781 et seq., for action under the Federal Tort Claims Act. To permit recovery under Section 740 in the instant case, would be to hold that the section retroactively created a new cause of action where none had existed before, notwithstanding the clearly expressed Congressional intent: "Adoption

of the bill will not create new causes of action." Senate Report No. 1593, June 11, 1948; House Report No. 1523, March 8, 1948, 2 U.S.Code Congressional Service 1948, 1898, 1900.

The court is therefore of the opinion that Section 740 is inapplicable to the facts of this case and that the libel must be dismissed as not within the admiralty jurisdiction of this Court. The libel against respondent-impleaded, Zalud Marine Corporation, must necessarily also be dismissed, there being no claim against it other than by the United States for indemnity or contribution in case of a decree against the United States.