259 N.J. Super. 83 (1992)
611 A.2d 169
CHARLOTTE POOLE, PLAINTIFF,
v.
MICHAEL JANESKI AND CAROLYN GREEN, DEFENDANTS.
Superior Court of New Jersey, Law Division Somerset County.
Decided June 26, 1992.
Mitchell E. Ignatoff, for plaintiff.
*84 Elli C. Galed, for defendant Michael Janeski (Sullivan and Graber, attorneys).
ARNOLD, P.J.Cv.
On January 4, 1990 the plaintiff, Charlotte Poole, was a passenger in a car owned and operated by defendant, Michael Janeski. Ms. Poole who was 30 years old at the time of the accident has been blind since 1986. She was seated in the front passenger seat and her mother was a passenger in the rear. The car driven by Mr. Janeski was struck in the rear by a van driven by defendant Carolyn Green. The plaintiff brought suit against both defendants alleging that Ms. Green was negligent in the manner in which she drove the van, and that the defendant Michael Janeski was negligent in telling plaintiff, on a prior occasion when she was riding in his car, that it was not necessary to wear a seatbelt. There is no evidence indicating that Mr. Janeski was negligent in the manner in which he drove his car.
The defendant Michael Janeski has moved for summary judgment arguing that he had no duty to his passenger to make sure that she was wearing a seatbelt. While he denies telling Ms. Poole not to wear the seatbelt, he argues that even if he did make such a statement he breached no duty to Ms. Poole. No reported decision deals with these issues.
Traditionally, a person is under no duty to protect another person or control that person's conduct unless a special relationship exists between the two. Restatement (Second) of Torts, § 314-320 (1965). Parties will be found to share a special relationship, thus giving rise to a duty, when one person has control of another, when the person's own conduct has created a perilous situation, or where one has voluntarily taken custody of another so as to deprive him of his normal opportunities for protection. Restatement, supra, § 314A; see also Lombardo v. Hoag, 237 N.J. Super. 87, 91, 566 A.2d 1185 (Law Div. 1989).
*85 Based on the affidavits, the relationship between Mr. Janeski and Ms. Poole does not fit into any of these categories. Mr. Janeski neither assumed control nor took custody of Ms. Poole on the day in question. Furthermore, there is no evidence that his conduct created a perilous situation. Although the pretrial discovery period provided by R. 4:24-1 has long since expired, no evidence has been presented to suggest that Mr. Janeski was at fault for the automobile accident. However, these "rigid formalisms" do not end the inquiry. Wytupeck v. Camden, 25 N.J. 450, 136 A.2d 887 (1957).
In Wytupeck, the New Jersey Supreme Court recognized that duty is not a fixed concept. The Court stated that the definition must adjust to "changing social relations and exigencies." Wytupeck, at 462, 136 A.2d 887. This reasoning recently resulted in an extension of the concept of duty beyond its traditional scope in the case of Lombardo v. Hoag, supra.
In Lombardo, the court imposed a duty on a non-owner of a car to protect passengers in that car if the non-owner knowingly allowed the car's owner to drive while intoxicated. The court recognized that no special relationship existed between the non-owner and a passenger. The court further rejected the argument that a statutory duty of care existed. Instead, the court based its decision on public policy concerns, fundamental fairness and morality. The court said, "[a]n enlightened society... demands that a person exercise a duty of care towards another person in order to insure that the other person remains free from harm, if he can do so without peril to himself." Lombardo, 237 N.J. Super. at page 95, 566 A.2d 1185.
In Lombardo the court was dealing with an accident caused by drunk driving, an area of tremendous concern in our society. This concern justified the imposition of a duty in that case. The question in this case, then, is whether the State's seatbelt policy is of the same import as the policy behind the State's drunk driving laws. This court concludes that it is not for the following reasons.
*86 The first factor to be considered is the seatbelt statute itself, N.J.S.A. 39:3-76.2a et seq. The policy rationales for the law were enunciated in a statement of the Legislature. They included the fact that other countries which have enacted similar laws saw a dramatic decrease in fatalities and serious injuries. They also noted that mandating seatbelt use would reduce sick leave from work, and would reduce insurance and health benefit costs to the individual, the private company and the State. See Waterson v. General Motors Corp., 111 N.J. 238, 261, 544 A.2d 357 (1988); Assembly Law, Public Safety and Defense Committee Statement to Assembly, No. 2304, p. 3 (1984).
Despite these policy considerations, the relevant portions of the seat belt statute, N.J.S.A. 39:3-76.2a and 39:3-76.2f, do not place responsibility on the driver to make sure passengers are secured unless the passenger is under five years old where a special harness is required or between five and eighteen years of age. As to all others the statute is silent. The only section of the act that sheds some light on the legislative intent is the statement that the act "shall not be deemed to change existing laws, rules, or procedures pertaining to a trial ... for personal injuries sustained in a motor vehicle accident." N.J.S.A. 39:3-76.2h. Therefore, it appears reasonable to conclude under the doctrine of expressio unis est exclusio alterius, that the Legislature did not intend to make the driver responsible for the fastening of seatbelts on passengers over 18 years of age. Continental Cas. Co. v. U.S., 314 U.S. 527, 62 S.Ct. 393, 86 L.Ed. 426 (1942); Shapiro v. Essex Cty. Freeholders Bd., 177 N.J. Super. 87, 424 A.2d 1203 (Law Div. 1980).
Another factor to be considered is fairness. Ms. Poole made a decision as to her seatbelt use. Even though Ms. Poole claims that she was not aware at the time of the accident that New Jersey has a law requiring seatbelt use, she testified at her deposition that 95 percent of the time drivers in whose cars she rides insist she wear a seatbelt. Knowing this, she made the decision to leave her seatbelt unfastened simply because *87 Mr. Janeski allegedly told her on a previous occasion that it was not necessary for her to wear one. Even assuming Mr. Janeski made such a statement, in fairness, it appears Ms. Poole was responsible for her own actions.
Based on these factors this court sees no reason to impose a duty on Mr. Janeski to make sure his passengers wear their seatbelts. Ms. Poole made an informed decision not to wear her seatbelt. Additionally, the Legislature intended such a duty to extend only to passengers under 18 years old. A situation could conceivably arise where public policy, fairness and morality combine so as to justify imposing this type of duty, but such circumstances are not found in this case.
Accordingly, the motion for summary judgment is granted.