Diana SHAMSHOUM, et al., Plaintiffs,

v.

The BOMBAY CAFÉ, et al., Defendants.

Civil No. 02–4276(JBS).

United States District Court, D. New Jersey.

April 14, 2003.

Jerald Glen Abrams, Esquire, Lee Nuwesra, LLC, New York City, for Diana Shamshoum and George Kazarian.

Russell L. Lichtenstein, Esquire, Stephanie E. Farrell, Esquire, Cooper Levenson April Nieldelman & Wagenheim, P.A., Atlantic City, NJ, for The Bombay Cafe and Trump Taj Mahal Associates.

## OPINION

ROSEN, United States Magistrate Judge.

## I. INTRODUCTION

Presently before the court is the plaintiffs' motion to admit counsel pro hac vice pursuant to Local Civil Rule 101.1(c). After having considered the submissions of the parties, the plaintiffs' motion to admit counsel pro hac vice shall be *granted.*

## II. BACKGROUND

On February 20, 2003, Jerald G. Abrams, Esquire, attorney for the plaintiffs, filed a motion to admit Lee Nuwesra, Esquire, as counsel for the plaintiffs in the instant matter. Mr. Abrams is an attorney associated with the law firm of Lee Nuwesra, LLC. (Affidavit of Jerald Abrams, ¶ 1). Mr. Abrams is a member of the New York, New Jersey, and Pennsylvania bars. (*Id.* at ¶ 2). Additionally, he is a member of the bar of this court, the United States District Courts for the Southern and Eastern Districts of New York, the Eastern District of Pennsylvania, and the Third Circuit Court of Appeals. (*Id.*). Mr. Abrams's admission to each of those jurisdictions is in good standing. (*Id.*).

Mr. Nuwesra is the principal with the law firm of Lee Nuwesra, LLC. (Affidavit of Lee Nuwesra, ¶ 1). He is a member in good standing of the bar of the State of New York, the Court of Appeals for the Second and Third Circuits, and both the Southern and Eastern Districts of New York. (*Id.* at ¶ 3).

The defendants oppose the plaintiffs' motion and request that Mr. Abrams be disqualified from representing the plaintiffs in this case. (Defs.' Opp. Brief at 3). Based upon Allyn Z. Lite's annotations to New Jersey Local Civil Rule 101.1, (Lite, N.J. Federal Practice Rules, Comment 7 to L.Civ.R. 101.1 (GANN)), and New Jersey Court Rule 1:21–1(a), the defendants argue that Mr. Abrams is not in good standing with the State of New Jersey because he lacks a bona fide office in New Jersey. (*Id.* at 1–3). The defendants state that plaintiffs' counsel's "motion for admission pro hac vice is nothing more than an attempt to circumvent the bona fide office requirement of the New Jersey Court Rules." (*Id.* at 3). As the basis of their argument, the defendants cite in block quotation Lite's comment 7 to Local Civil Rule 101.1 and New Jersey Court Rule 1:21–1(a) without any further substantive argument. Moreover, the defendants' counsel threatens to report plaintiffs' counsel for the unauthorized practice of law in New Jersey.

In reply, the plaintiffs assert that "the bona fide office requirement is a non-issue in this or in any case brought in federal court." (Pls.' Reply Letter at 1). The plaintiffs rely on *Abdallah v. Pileggi*, 914 F.Supp. 1115 (D.N.J.1996), and argue that the bona fide office requirement found in New Jersey Court Rule 1:21–1(a) is not imposed on a member of this federal court. The plaintiffs specifically address the following to the court, "[t]he United States District Court for the District of New Jersey may be geographically coterminous with the State of New Jersey, but an attorney engaged in practice before this Court does not practice 'in the State'." (Pls.' Reply Letter at 2 (citing *Abdallah*, 914 F.Supp. at 1120)).

Plaintiffs' counsel acknowledges the ethical issue raised by the defendants and contends that he is in compliance with all ethical obligations. Counsel directs this court to *Abdallah* and the two New Jersey Rules of Professional Conduct addressed there. First, New Jersey RPC 1.2(e) states, "[w]hen a lawyer knows that a client expects assistance not permitted by the Rules of Professional Conduct or other law, the lawyer shall advise the client of the relevant limitations on the lawyer's conduct." N.J. RPC 1.2(e); *Abdallah*, 914 F.Supp. at 1119 n. 4 (citing N.J. RPC 1.2(e)). Second, under New Jersey RPC 1.7(b), "[a] lawyer shall not represent a client if the representation of that client may be materially limited . . . by the lawyer's own interests, unless . . . the client consents after a full disclosure." N.J. RPC 1.7(b); *Abdallah*, 914 F.Supp. at 1119 n. 4 (citing N.J. RPC 1.7(b)). Plaintiffs' counsel represents that he has complied with these rules as the plaintiffs were "fully aware" of Mr. Nuwesra's and Mr. Abrams's qualifications and limitations. (Pls.' Reply Letter at 2); *See Matter of Roberts*, 682 F.2d 105, 107 (3d Cir.1982) (requiring that an attorney make full dis-closure to his client of his limitation of practice).

Finally, plaintiffs' counsel contends that the defendants' reliance on the cases found in Lite's Comment 7 to Local Civil Rule 101.1 is misplaced "as those cases dealt with a State's right to discipline members of its bar." (Pls.' Reply Letter at 2).

## III. DISCUSSION

█ In discussing the requirements for the admission of attorneys in federal court, the Local Civil Rules for the United States District Court, District of New Jersey provide that the bar of the New Jersey federal courts consists of attorneys admitted to practice in the New Jersey federal courts. L.Civ.R. 101.1(a) (GANN 2003). The Local Civil Rules further specify that any attorney *licensed to practice* by the Supreme Court of New Jersey may be admitted to the bar of the New Jersey federal courts. L.Civ.R. 101.1(b) (GANN 2003). Local Civil Rule 101.1(a) sets the parameters for the scope of admission:

> The bar of this Court shall consist of those persons heretofore admitted to practice in this Court and those who may hereafter be admitted in accordance with these Rules.

L.Civ.R. 101.1(a). Local Civil Rule 101.1(b) establishes the requirements for the admission of a New Jersey attorney to the bar of the New Jersey federal courts:

> Any attorney licensed to practice by the Supreme Court of New Jersey may be admitted as an attorney at law on the motion of a member of the bar of this Court, made in open court, and upon taking the prescribed oath and signing the roll. Any New Jersey attorney deemed ineligible to practice law by order of the New Jersey Supreme Court entered pursuant to New Jersey Court Rule 1:28–2(a) shall not be eligible to practice law in this Court during the

period of such ineligibility. Any attorney licensed to practice by the Supreme Court of New Jersey who has resigned from the New Jersey bar shall be deemed to have resigned from the bar of this Court effective as of the same date as his/her resignation from the New Jersey bar.

L.Civ.R. 101.1(b).

Local Civil Rule 101.1(b) specifies two different circumstances in which a New Jersey licensed attorney would be deemed ineligible to practice law before the New Jersey federal courts. The first circumstance is when a "New Jersey attorney [is] deemed ineligible to practice law by order of the New Jersey Supreme Court entered pursuant to New Jersey Court Rule 1:28–2(a)[.]" L.Civ.R. 101.1(b). Such an attorney "shall not be eligible to practice law in this Court during the period of such ineligibility." L.Civ.R. 101.1(b). New Jersey Court Rule 1:28–2(a) concerns payment of a fee to the Client Protection Fund and provides in relevant part that "each holder of a plenary license to practice law in the State of New Jersey shall pay annually to the treasurer of the [Client Protection] Fund a sum that shall be determined each year by the Supreme Court." R. 1:28–2(a). The second circumstance under which an attorney of this bar becomes ineligible to practice concerns resignation such that "[a]ny attorney licensed to practice by the Supreme Court of New Jersey who has resigned from the New Jersey bar shall be deemed to have resigned from the bar of this Court effective as of the same date as his/her resignation from the New Jersey bar." L.Civ.R. 101.1(b). Notably, Local Civil Rule 101.1(b) does not reference R. 1:21–1, wherin the bona fide office requirement resides.

Further evidence of the drafter's intentions can be found in the revisions made over the past fifteen years. Prior to Local Civil Rule 101.1, former General Rule 5 focused on the New Jersey federal court's desire to have a member of its bar who maintained a bona fide office in the District as counsel of record in all cases. Former General Rule 5 required members of New Jersey's federal court bar who did not have an office in New Jersey to associate in each case with an attorney who maintained an office in the District. Former General Rule 5 provided as follows:

No member of the bar of this Court not maintaining an office within the District of New Jersey for the regular transaction of business shall appear as attorney of record for any party in any case without designating, in all notes, orders and pleading a member of the bar of this Court maintaining a bona fide office within the District of New Jersey upon whom all notices, orders and pleadings maybe served, in accordance with the Rules and practices of this Court, and who may be required to attend before the Court, Clerk, or other officer of the Court.

Under the statutory maxim *expressio unis est exclusio alterius*, the exclusion of the reference to the bona fide office requirement is persuasive. *See Continental Cas. Co. v. U.S.*, 314 U.S. 527, 533, 62 S.Ct. 393, 86 L.Ed. 426 (1942). As noted above, the current rule has no such bona fide office requirement. As the Supreme Court has noted, "[f]ew principles of statutory construction are more compelling than the proposition that Congress does not intend *sub silentio* to enact statutory language that it has earlier discarded." *Sale v. Haitian Ctrs. Council, Inc.*, 509 U.S. 155, 168 n. 16, 113 S.Ct. 2549, 125 L.Ed.2d 128 (1993) (citing *Nachman Corp. v. Pension Benefit Guar. Corp.*, 446 U.S. 359, 393–93, 100 S.Ct. 1723, 64 L.Ed.2d 354 (1980) (Stewart, J. dissenting)). The Court further cautioned federal courts that "[t]o supply omissions transcends the judicial function." *Id.* (citing *Iselin v. U.S.*,

270 U.S. 245, 250, 46 S.Ct. 248, 70 L.Ed. 566 (1926)).

Importantly, General Rule 5 was repealed on June 13, 1988 following the United States Supreme Court's decision in *Frazier v. Heebe*, 482 U.S. 641, 107 S.Ct. 2607, 96 L.Ed.2d 557 (1987). In *Frazier*, the Court considered a local rule adopted by the United States District Court for the Eastern District of Louisiana that imposed a residence or bona fide office requirement on attorneys admitted to the Louisiana state bar who then sought admission to the federal bar. 482 U.S. at 643, 107 S.Ct. 2607. The Court concluded that neither the residency requirement nor the bona fide office requirement were justified and struck down the local rule. *Id.* at 650, 107 S.Ct. 2607. "Pursuant to our supervisory authority, we hold that the District Court was not empowered to adopt its local Rules to require members of the Louisiana Bar who apply for admission to its bar to live in, or maintain an office in, Louisiana where that court sits." *Id.* at 645, 107 S.Ct. 2607.

The United States Supreme Court's *Frazier* decision striking down a federal district court's local rule imposing a bona fide office requirement together with Local Civil Rule 101.1's excision of former General Rule 5's bona fide office requirement leads this court to conclude that a bona fide office requirement was not intended in the adoption of Local Civil Rule 101.1.

■ What is found within Local Civil Rule 101.1(b) is language involving an attorney's licensure by the Supreme Court of New Jersey. Although the defendants construe Local Civil Rule 101.1(b) to have an emphasis on who may practice before the New Jersey state courts and, thus, turn to R. 1:21–1(a), this court finds that the correct construction of Local Civil Rule 101.1(b) focuses on *who is licensed to practice by the Supreme Court of New Jersey.* Therefore, it is important to note the quali-

fications of licensure for admission to the bar of the State of New Jersey because Local Civil Rule 101.1(b) uses the language of "any attorney licensed to practice by the Supreme Court of New Jersey." L.Civ.R. 101.1(b). New Jersey Court Rule 1:27–1(a), entitled "Admission to Practice: Plenary Admission," specifies the requirements one must meet in order to obtain a license to practice law in New Jersey:

No person shall be admitted to the bar of the State unless the following shall first have successfully occurred in a manner prescribed by the rules of the Board of Bar Examiners:

(1) Passage of the bar examination;

(2) Certification of good character by the Committee on Character pursuant R. 1:25 and the regulations of that body; and

(3) Attainment of a qualifying score on the Multi–State Professional Responsibility Examination or passage of an approved course on professional ethics given by an American Bar Association-accredited law school.

R. 1:27–1(a). This rule for plenary licensure does not reference R. 1:21–1(a) as a prerequisite. Again, this omission invokes yet another rule of statutory construction: "Where Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion." *Russello v. U.S.*, 464 U.S. 16, 23, 104 S.Ct. 296, 78 L.Ed.2d 17 (1983). Here, the New Jersey Legislature enacted two separate and distinct rules governing licensure and practice in New Jersey. This court shall not read them as one without sufficient evidence of legislative intent for such a reading.

Also instructive to the court is *Abdallah v. Pileggi*, 914 F.Supp. 1115 (D.N.J.1996). In a footnote, the *Abdallah* court acknowl-

edged that Rule 1:21–1(a) requires an attorney admitted to practice law in New Jersey to maintain a bona fide office in New Jersey and New Jersey Rules of Professional Conduct 5.5(a) considers the practice of law in New Jersey without doing so an ethical violation. *Abdallah,* 914 F.Supp. at 1119 n. 4. The court nevertheless concluded that the bona fide office requirement was not imposed upon a member of the New Jersey federal bar. *Id.*

The court finds the defendants' argument unpersuasive. First, the defendants' argument consists of an unaltered block quote from Lite, N.J. Federal Practice Rules, Comment 7 to L.Civ.R. 101.1. Second, and more importantly, that block quote begins with a statement that no bona fide office is required: "As the rules stand now, any attorney in good standing in the State of New Jersey may be admitted to the federal bar and appear without local counsel regardless of domicile or office location." (Defs.' Brief at 2 (citing Lite, N.J. Federal Practice Rules, Comment 7 to L.Civ.R. 101.1)). This court is perplexed as to exactly where the basis for defendants' argument is found within Lite's Comment 7. The defendants' reliance upon Lite's Comment 7 has given this court no basis to grant the defendants' motion.

Next, the defendants direct this court to New Jersey Court Rule 1:21–1(a) without any further discussion or elaboration. As noted above, New Jersey Court Rule 1:21–1(a) explains who may practice in the New Jersey state courts:

> Except as provided below, no person shall practice law in this State unless that person is an attorney holding a plenary license to practice in this State, has complied with the Rule 1:26 skills and methods course requirement in effect on the date of the attorney's admission, is in good standing, and, except as provided in paragraph (d) of this Rule, maintains a bona fide office for the practice of law in this State regardless of where the attorney is domiciled.

R. 1:21–1(a).[1] Rule 1:21–1(a) specifies who may practice in the New Jersey state courts. However, Local Civil Rule 101.1(b) does not reference who may practice in the New Jersey state courts, but rather the rule states "[a]ny attorney *licensed to practice* by the Supreme Court of New Jersey may be admitted as an attorney at law on motion of a member of the bar of this Court[.]" L.Civ.R. 101.1(b) (emphasis supplied). Local Civil Rule 101.1(b) concerns itself with the qualifications of licensure found in New Jersey Court Rule 1:27–1(a).[2] The defendants' reliance on New Jersey Court Rule 1:21–1(a) is misplaced as Rule 1:21–1(a) outlines who may practice before the New Jersey state courts and not who is admitted to practice by the Supreme Court of New Jersey. Again, the defendants have not

---

1. An exception to the bona fide office requirement embedded within Rule 1:21–1(a) is found in Rule 1:21–1(d), which references federal government agencies and is not pertinent to the discussion of this issue for our purposes.

2. One additional correlation between membership in New Jersey's federal bar and the plenary licensure of an attorney by the Supreme Court of New Jersey noted in Lite also bears mention:

  **a. Plenary Admission.** Plenary membership in the District Court's bar is tied directly to licensure in the State of New Jersey. L.Civ.R. 101.1(b). The link between federal and state admission is so strong that the federal Court participates in a joint admission ceremony with the New Jersey Supreme Court where each new state licensee who pays the required one-time fee (see L.Civ.R. 101.1(i)) is simultaneously admitted to the federal bar.
  Lite, N.J. Federal Practice Rules, Comment 3 to L.Civ.R. 101.1.

given this court a basis to grant their motion by citing R. 1:21–1(a).

The defendants do not contest that Mr. Abrams is an attorney licensed to practice law in the State of New Jersey under R. 1:27–1. Additionally, the defendants do not dispute that Mr. Abrams is a member of the bar of this court. However, the defendants argue that Mr. Abrams is not in good standing in the State of New Jersey because he lacks a bona fide office in New Jersey and, therefore, cannot practice before the New Jersey federal courts.

For all of the reasons noted above, this court disagrees. Under Local Civil Rule 101.1(a), Mr. Abrams may be admitted to practice before this court since he is a member of the bar of this court. Moreover, Mr. Abrams may be admitted to practice law before this court following Local Civil Rule 101.1(b) as he is licensed to practice by the Supreme Court of New Jersey under R. 1:27–1(a) and he does not fall into either of the two categories of ineligibility the rulemakers established in Local Civil Rule 101.1(b).[3] In conclusion, Jerald Abrams, Esquire is properly representing plaintiffs before this court and Lee Nuwesra, Esquire, shall be admitted pro hac vice in this matter.

Accordingly, the attached order shall be entered.

### *ORDER*

This matter having been brought before the court by Jerald G. Abrams, Esquire, attorney for plaintiffs, for an order allowing Lee S. Nuwesra, Esquire, to appear and participate *pro hac vice;* and the court having considered the submissions of the parties; and for reasons noted in the opinion entered on this date; and for good cause shown pursuant to Local Rule 101.1(c), United States District Court for the District of New Jersey;

IT IS this 14th day of April 2003, hereby

**ORDERED** that Lee S. Nuwesra, Esquire, a member of the bar of the State of New York, be permitted to appear *pro hac vice* in the above captioned matter pursuant to Local Rule 101.1(c), United States District Court for the District of New Jersey; provided, however, that all pleadings, briefs and other papers filed with the court shall be signed by Jerald G. Abrams, Esquire, a member in good standing of the bar of the Supreme Court of New Jersey and the bar of this Court, who shall be held responsible for said papers and for the conduct of the case and who shall be present before the court during all phases of this proceeding, unless expressly excused by the court, as well as be held responsible for the conduct of the attorney admitted *pro hac vice* pursuant to this order; it is further

**ORDERED** that Lee S. Nuwesra, Esquire, shall pay the annual fee to the New Jersey Lawyer's Fund for Client Protection in accordance with New Jersey Court Rule 1:28–2 within twenty (20) days from the date of the entry of this order; it is further

**ORDERED** that Lee S. Nuwesra, Esquire, shall be bound by the General and Admiralty Rules of the United States District Court for the District of New Jersey, including but not limited to the provisions of Local Rule 103.1, *Judicial Ethics and Professional Responsibility,* and Local Rule 104.1, *Discipline of Attorneys;* it is further

**3.** Whether the New Jersey Supreme Court would considered Mr. Abrams in good standing is an issue that is not before this court nor addressed in this opinion. This court is concerned with whether Mr. Abrams, a New Jersey licensed attorney, may be admitted to practice before a New Jersey federal court, and in turn whether he may make a motion to admit an attorney pro hac vice.

**ORDERED** that Lee S. Nuwesra, Esquire, shall be deemed to have agreed to take no fee in any tort case in excess of the New Jersey Court Contingency Fee Rule, Rule 1:27–7, as amended.